IN THE

## SUPREME COURT OF JUDICATURE

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, MAY TERM, 1839, IN THE TWENTY-THIRD
YEAR OF THE STATE.

---

## HASKETT v. FLINT.

If a deed be made between *A.* of the one part and *B.* of the other and be so expressed on its face, a third person cannot sue on it, though it contain an express covenant for the performance of acts for such third person's benefit.

ERROR to the *Fayette* Circuit Court.

SULLIVAN, J.—*Ryburn Haskett* brought an action of covenant against the defendant on an indenture of apprenticeship, entered into between *W. Swafford* and *W. Willetts,* overseers of the poor of *Washington* township in the county of *Wayne,* and the defendant *Flint.* By the indenture, the plaintiff was put out as an apprentice to said *Flint* to serve him until he (*Haskett*) should arrive at the age of twenty-one years ; in consideration of which *Flint* covenanted to give him proper instruction and one year's schooling during the term, and, at the expiration of it, forty acres of land. The defendant pleaded seven pleas to the plaintiff's declaration. Issues to the country were made on the first five pleas ; and general demurrers were filed to the sixth and

*Monday,
May 20.*

seventh. The Court sustained the demurrer to the sixth plea and overruled that to the seventh. Final judgment was given for the defendant.

It is unnecessary to examine the sufficiency of either of the pleas demurred to, because we are met at the first step with a difficulty which presents an insuperable barrier to the plaintiff's recovery. The instrument on which the plaintiff sues is a deed *inter partes*, made " between *William Swafford* and *William Willetts*, overseers of the poor of the township of *Washington* in the county of *Wayne*, of the one part, and *Joseph Flint* of the other part." It is said to be a technical and inflexible rule, that if a deed on the face of it expressly describe and denote who are the parties to it, a third person cannot sue thereon, although the obligation purport to be made for his sole advantage, and contain an express covenant to perform an act for his benefit. 1 Chitt. Plead. 3.—Platt on Covenants, 7, 8.

Thus, in the case of *Barford*, admr. of *M. E. Pitts*, v. *Stuckey*, which was an action brought on an annuity bond, by which the defendant and one *Bartlett* agreed with *N. P.* that they would, during a term of twenty-one years, pay or cause to be paid to *N. P.* or in case of his death within the term to the use of his child or children if any, in such proportions as *N. P.* should by deed or will appoint, or in default of appointment to all of them equally, &c. an annuity of 500*l.* in half yearly payments. *N. P.* died within the term without making any appointment, leaving *M. E. P.* his only child. The plaintiff, as administrator of *M. E. P.*, brought an action on the bond to recover three half yearly payments of the annuity which were in arrear. The Court held that the action could not be maintained by the administrator of *M. E. P.*, because she was no party to the contract, notwithstanding she would, in a certain event, take a beneficial interest under it. They recognised in express terms the general principle, that the right to sue under such a contract is confined to the parties to the deed. 2 Brod. & Bing. 333.

In *Berkeley* v. *Hardy*, which was covenant on an indenture of lease made between one *Simmonds* for and on behalf of *Berkeley* of the one part, and *Hardy* of the other part, the same point was decided. The reddendum was to the

May Term, 1839.

plaintiff, and the covenants were expressed to be made by *Hardy* to *Berkeley*, and by *Berkeley* to *Hardy*. The indenture, however, was signed and sealed by *Simmonds* and *Hardy*. The Court said, that upon those strict technical rules of law applicable to deeds, which have been laid down and recognised in so many cases, they were bound to say that no action could be maintained by the plaintiff upon the deed in question. 5 Barn. & Cress. 355.

Many other cases of like import might be cited to show the inflexibility of the rule above referred to.

That rule must govern the present case. *Haskett* is not a party to the covenant on which he has brought suit, although it was made for his benefit. If the defendant has broken his covenant, the plaintiff has an appropriate remedy, but it is not by an action at law, in his own name, upon the contract.

*Per Curiam.*—The judgment is affirmed with costs. To be certified, &c.

*C. B. Smith,* for the plaintiff.

*C. H. Test,* for the defendant.