Sullivan, J.
Assumpsit by liunnion against Beard on a parol agreement by -which the defendant, in consideration that the plaintiff would surrender and deliver up to him a lease having five months to run, on a certain tavern-house in the town of LaFayette commonly called the LaFayette House, together with the furniture, &c., undertook to board the plaintiff and family two years, to give him the use of the furniture in room No. 3, and permit him to occupy.the room, to provide him with fuel, &c. Averment, that the plaintiff did surrender said lease to defendant, but that defendant refused to board the plaintiff, &c. Plea, non assumpsit. Judgment for defendant.
It appeared that on the 11th of December, 1839, one Abner D. Bond was the owner of the LaFayette House, then occupied by the plaintiff as tenant of Bond under a lease which would *expire on the 8th of May, 1840; that on the 11th of December, 1839, Bond 'sold the premises to the defendant; that liunnion refused to deliver the possession to the defendant, alleging that the unexpired part of the term would be worth to him at least $1,000; that the defendant thereupon agreed verbally with the plaintiff, that if he would surrender the possession, he would permit him to occupy a certain room in the house to be furnished by the defendant; that he would board the plaintiff and his family two years, &c., to which the plaintiff assented. It also appeared that in the bond which the-vendor of the property took from the defendant for the payment of the purchase-money, there was a stipulation made at the suggestion of the plaintiff, that the defendant should board the plaintiff and his family “two years without charge,” but the clause was inserted only on the suggestion of *431 Runnion, and was not considered as being any part of the contract between Bond and the defendant.
J. Pettit, for the plaintiff.
I). Mace, H. 8. Lane, and 8. C. Willson, for the defendant.
The plaintiff thereupon offered to prove by parol the allegations in his declaration, but the Court rejected the testimony and nonsuited the plaintiff.
The contract between the plaintiff. and the defendant was upon a consideration moving from the plaintiff to the defendant, and was wholly independent of the contract between Bond and the defendant. The clause in the bond given by Beard for the payment of the purchase-money, in which he acknowledged that he was to board Runnion and his family, &c., was only a recognition of the previous contract between the plaintiff and the defendant. Runnion was no party to the latter agreement, and even if it were made for his benefit, he could not, if broken, sue upon it in his own name. Haskett v. Flint, 5 Blackf., 69. If the agreement between the plaintiff and defendant had been under seal, the Court woidd have done right in rejecting it as evidence of'the contract declared on. Sinard v. Patterson, 3 Blackf., 353. But it was not so in this case. It was wholly by parol, and the Court should not have rejected the evidence offered.
Per Curiam.—The judgment is reversed with costs. Cause ' remanded, &c.