HARTFORD & NEW HAVEN RAILROAD COMPANY *vs.* WILLIAM C. ANDREWS.

The statute (Gen. Statutes, tit. 7, sec. 544,) gives to the relatives of a passenger killed by the negligence of a railroad company a right to recover damages against the company by a suit instituted by an administrator. Where a person so killed in this state was domiciled in another state and had no property in this state, it was held that his administrator appointed in the state where he was domiciled was entitled as a matter of right to an ancillary administration in this state for the purpose of prosecuting the suit here, and that it was enough for the court of probate in granting such administration to be satisfied that there was an apparent claim and a bona fide intention to pursue it.

PETITION for an injunction against the prosecution of an action at law by the respondent as administrator of the effects of one George Andrews; brought to the Superior Court in New Haven county.

The said George Andrews, who was an inhabitant of the state of Maine, was fatally injured while traveling as a passenger in the cars of the petitioners in this state, and died at New Haven. The respondent took out letters of administration on his estate in the probate court for the district of New Haven, and brought an action against the railroad company under the statute (Gen. Statutes, tit. 7, sec. 544) which gives an administrator a right to sue and recover for such an injury for the benefit of the family of the person killed. The petitioners denied the right of the probate court to grant such administration, on the ground that the deceased had no assets in this state. The Superior Court found that he left no assets in this state, except the wearing apparel he had upon his person at the time, and a few dollars in money which he had in his pocket, (which money and some of the clothing was returned to his family in Maine before administration upon his estate was taken here), and except the claim for damages upon which the suit by his administrator was founded; and if this claim, together with the claim for injury to his wearing apparel and for the loss of some portion of it, should be regarded as constituting assets so as to give the court of probate jurisdiction to appoint an administrator on his estate in

this state, then the court found that he had such assets here at the time administration was taken upon his estate ; but if such claims were not assets to give the court of probate such jurisdiction, then the court found that he had no such assets at the time administration was granted.

The Superior Court reserved the questions arising upon this finding for the advice of this court.

*Watrous*, for the petitioners, cited *Whitford* v. *Panama R. R. Co.*, 23 N. York, 465, 469, 476, 485 ; 2 Redf. on Railways, § 179, art. 2, 4, 5 ; Pierce on Railways, 261, 495 ; *Telford* v. *Northern R. R. Co.*, 3 Am. Law Reg. N. S., 665 ; Am. Law Review, Oct. 1868, p. 122 ; *Jeffersonville R. R. Co.* v. *Swayne's Admr.*, 26 Ind., 477, 484 ; 2 Redf. on Wills, 112 ; *Emery* v. *Hildreth*, 2 Gray, 228 ; *Richardson* v. *N. York Central R. R. Co.*, 98 Mass., 85.

*Baldwin*, for the respondent, cited *Crosby* v. *Leavitt*, 4 Allen, 410 ; *Richardson* v. *New York Central R. R. Co.*, 98 Mass., 85 ; *Jeffersonville R. R. Co.*, v. *Swayne's Admr.*, 26 Ind., 477 ; *Slocum* v. *Sanford*, 2 Conn., 534 ; *Harrington* v *Brown*, 5 Pick., 519, 521.

BUTLER, J.   It is apparent that the decree of the court of probate granting letters of administration to the respondent, was not founded on the trifling claims respecting the clothing of the intestate, stated in the finding, and that no application founded on such claim was or ever would have been made. But we are all satisfied that the claim which the administrator has against the railroad company, under the statutes of the state, was sufficient to entitle him to ancillary administration here.

The deceased, George Andrews, was killed by the train of the petitioners within this state, when a passenger upon their road.   The statute gives to the relatives of a person so killed, irrespective of his or their residence, a right to recover damages against the company by a suit instituted by an administrator.   George Andrews was domiciled in Maine.   The

respondent took administration upon his estate there, and came here in good faith to prosecute the claim for damages authorized by the statute, and sought the ancillary administration necessary for its prosecution. In our judgment he was entitled to that administration as a matter of right. It was not the province of the court of probate to pass upon the validity of the claim, it was enough for that court to be satisfied that there was an apparent claim, and a bona fide intention to pursue it, and that administration was necessary to its pursuit. The claim if valid is property within the meaning of the statute, and the right of a foreign administrator to an ancillary administration, in order to enforce its collection, though founded in comity, is as much a recognized right, and as enforceable by mandamus in his favor, as if the right existed in favor of a citizen of the state. *Marcy* v. *Marcy*, 32 Conn., 308.

For these reasons we are satisfied that the petition is not sustainable and should be dismissed.

In this opinion the other judges concurred.