## The People on the relation of Patrick Gorman and another v. The Judge of the Newaygo Circuit Court.

*Declaration: Amendments: New cause of action : Statute of limitations.* A declaration upon the common counts cannot be amended so as to set forth a new and distinct cause of action upon a special contract which has become barred by the statute of limitations since the original declaration was filed; this would be to permit the fiction of relation to nullify an act of the legislature.

*Declaration: Different causes of action.* A declaration upon the common counts in assumpsit, and one upon a special contract are for distinct and different causes of action, where the basis of recovery under the latter is such that there could be no recovery under the former.

GORMAN *v.* JUDGE OF NEWAYGO CIRCUIT.

*Declaration : Amendment : Special contract ; Plea and notice : Cause of action.* The fact that the notice attached to the plea to the original declaration set up as a defense, the same special contract counted upon by the amended declaration could have no tendency to show that the cause of action was the same in both, or that the amendment should have been allowed ; on the contrary, the facts set up in the notice being in accord with the new declaration, and at the same time such as, if proved, would preclude a recovery under the common counts,. its tendency is the other way.

*Heard April 15. Decided April 22.*

Application for *mandamus.*

*E. L. Gray,* for relators.

*J. H. Standish* and *Fuller & Standish,* for respondent.

CHRISTIANCY, CH. J.

This is an application for a *mandamus* to compel the circuit judge to grant an order striking from the files an amended declaration, in a cause pending in the circuit court for the county of Newaygo, wherein John McNab and John R. Parsons are plaintiffs, and Patrick Gorman and Thomas Gorman defendants.

The original declaration, filed March 10th, 1862, was in assumpsit upon the common counts only. To this declaration defendants, May 17th, 1862, pleaded the general issue, and gave notice, among other things, that they would show under the general issue that plaintiffs and defendants in 1860 entered into a contract by which defendants were to cut a certain quantity of pine saw logs on land to be designated by the plaintiffs and belonging to them, for which labor the plaintiffs were to pay a certain sum, to wit: one thousand dollars when the logs should be delivered ; and defendants aver that plaintiffs did not designate the land ,and furnish the same, whereby defendants were thrown out of employment, and sustained damages which they will recoup, etc. In a further amended notice by defendants, the contract is set out in full, and notice given that they will prove, that if any goods and money were ever advanced by the plaintiffs to defendants, they were advanced upon

this contract. This contract need not be further noticed than to say, that the plaintiffs could not, under the admitted circumstances of the case, have recovered at all upon the common counts for any of the items of their claims, which, as appears by their subsequent amended declaration, were for cash advanced to defendants under this contract, which remained open and still in force. And the plaintiffs, having become satisfied that they could not recover upon the common counts, on the 26th of September, 1871, when the cause was duly brought on to trial, they voluntarily submitted to a non-suit,—judgment of which and costs was thereupon entered in favor of defendants; and, on the following day, upon motion of the plaintiffs (which was opposed by the defendants), the above judgment of non-suit was set aside and vacated, upon condition that plaintiffs pay defendants their costs of the term, etc., and that the plaintiffs have leave to file an amended declaration, and that they serve a copy of said amended declaration with a copy of their bill of particulars, etc. And on the 27th of November, 1871, this amended declaration and bill of particulars were served.

This declaration is upon the special contract alluded to in the notice of the defendants, and by its averments shows only a cause of action which is separate and distinct from that set forth in the original declaration, and which could not by any evidence have been brought within the common counts. It was, therefore, for a new and separate cause of action. But as it was still in assumpsit, and the form of the action was the same, and the same plea of non-assumpsit would apply, we do not mean to intimate that the amendment might not, in the discretion of the circuit court, have been properly allowed, if seasonably applied for.

But long before this amended declaration was filed, or leave to file it applied for, the statute of limitations had taken effect upon and barred the cause of action set forth in it. Had a new suit been then commenced for the same

cause of action, it is not pretended that it could have been maintained; and we see no substantial difference between the commencement of a new suit and the allowance of this amended declaration, under these circumstances, for the same cause of action. It is clear enough that the only purpose and object of allowing the amended declaration, instead of putting the plaintiffs to a new action, after they had submitted to a non-suit, was to prevent the statute bar of the action. We do not think the statute can be evaded by any such necromancy; and to permit the shallow fiction of a relation back to the commencement of the suit, under such circumstances, to nullify an act of the legislature, would be discreditable to the judiciary.—See *Wright v. Hart,* 44 *Penn. St.,* 454; *Trego v. Lewis,* 58 *Penn. St.,* 463; *Williams v. Randon,* 10 *Texas,* 74; *Wilbanks v. Willis,* 2 *Rich.* (*S. Ca.*), 109; 42 *N. H.,* 70. We are aware there are some cases the other way, based upon early decisions, made when the statute of limitations was looked upon as a hard and unconscionable defense. But we can recognize no sound principle upon which such decisions can rest. Statutes of limitations are now quite generally looked upon as statutes of repose, and just as essential to the general welfare and the wholesome administration of justice as statutes upon any other subject, and to be construed with the same favor to effect the legislative intent.

It was urged upon the argument that the notice of the special contract set up by the defendants with their plea, tends to show that the cause of action set forth in the amended declaration was the same in substance as that covered by the common counts in the first declaration; but the very purpose of the notice was to show that it was not the same; and if the notice was true (which seems so far to be admitted by the amended declaration), it did show that the cause of action was not the same in the first as in the second declaration. The notice was wholly unnecessary. But, so far from showing that the amended declaration ought to have been allowed at so late a day, its tend-

ency was directly the other way, as it shows the plaintiffs, in that early stage of the cause, were fully notified of the necessity of a different declaration; and yet they fail to apply for an amendment until the statute of limitations had run.

The amendment was improperly allowed, and the *mandamus* must issue as prayed.

The other Justices concurred.