WILLIAM WINGERT, ADMINISTRATOR, ETC., v. WILLIAM L. CARPENTER, CIRCUIT JUDGE OF WAYNE COUNTY.

*Pleading—Amendment—Jurisdiction—Foreign statute—Limitations.*

1. The statute of limitations cannot be evaded under the guise of an amendment; citing *Gorman v. Circuit Judge,* 27 Mich. 138.

2. Plaintiff sued to recover damages for the death of his decedent, caused, as alleged, by the negligence of the defendant, a Michigan corporation, engaged in running a line of steamers in both Michigan and Canadian waters, in the latter of which the decedent was drowned. A verdict was directed for the defendant, on the ground that the cause of action arose wholly

101 395
111 584

101 395
113 149

101 395
124 669

101 395
s59NW 662
132 ²240

101 395
f151 ¹443

without the jurisdiction of this State. The plaintiff applied for leave to amend the declaration by setting forth the Canadian statute on the subject. This statute limited the time for bringing suit to 12 months, which had expired when the motion to amend was made. And it is held that the right of action, having become barred in Canada, was barred here, and that the motion was properly denied.

*Mandamus.*   Argued June 26, 1894.   Denied July 5, 1894.

Relator applied for *mandamus* to compel respondent to permit him to file an amended declaration. The facts are stated in the opinion.

*D. A. Straker* (*Charles C. Stewart,* of counsel), for relator.

*F. C. Harvey,* for respondent.

GRANT, J.   The relator, as administrator of the estate of Alexander Wingert, deceased, brought suit in the circuit court for the county of Wayne to recover damages for the death of said Alexander, alleged to have been caused by the negligence of the defendant, the Star Line of Steamers, a corporation organized and doing business under the laws of Michigan.

The deceased was drowned July 11, 1892, in Canadian waters.   Suit was commenced on September 23, 1892, by filing declaration and entering rule to plead.   Plaintiff based his right of recovery on How. Stat. §§ 8313, 8314. The case came to trial, and the court directed a verdict for the defendant, for the reason that the cause of action arose and the death occurred within the province of Ontario, wholly without the jurisdiction of this State, and that the Michigan statute relied upon had no application.   Subsequently the verdict was set aside, in order to give the relator the opportunity to move to amend his declaration. He submitted an amended declaration with his motion to

amend. ˏThe motion was denied, and the purpose of this petition is to compel respondent to permit the filing of this amended declaration. The Canadian statute counted upon is set forth in the amended declaration, and provides that the action must be commenced within 12 months after the death of the deceased person. When the amendment was proposed, the 12 months had expired.

The cause of action arose in Canada, and under Canadian laws. If the plaintiff has any right of action, it is by virtue of those laws. The question must therefore be determined by the same rule that would hold were this the commencement of a suit. The statute of limitations cannot be evaded under the guise of an amendment. *Gorman v. Circuit Judge,* 27 Mich. 138. The Canadian statute establishes the liability and provides the remedy. It must control. The right of action, having become barred in Canada, is barred here. *The Harrisburg,* 119 U. S. 214.

The writ must be denied.

The other Justices concurred.