WOONSOCKET RUBBER COMPANY *vs.* JOSEPH BANIGAN.

UNITED STATES RUBBER COMPANY *vs.* ANN L. CONLEY, Administratrix.

PROVIDENCE—JANUARY 16, 1899.

PRESENT : Matteson, C. J., Tillinghast and Rogers, JJ.

(1)  *Suits on Sealed Instruments.*

Only parties to contracts under seal can sue thereon, even though such contracts be for the benefit of others.

(2)  *Admission of New Plaintiff.*

In a suit begun in the name of a plaintiff who cannot technically maintain
the cause of action therein set forth, one in whom the right is may be
admitted a party plaintiff, upon his motion therefor, under Gen. Laws
R. I. cap 233, § 23.

DEBT on a written agreement under seal guaranteeing
payments therein described. Heard on demurrers to the
declarations.

MATTESON, C. J.   The demurrers in these cases present
the question as to the person entitled to sue on a sealed in-
strument.   The instrument on which the suits are based is
a guaranty by which certain stockholders in the Woonsocket
Rubber Company, in consideration of the receipt from the
United States Rubber Company of payment for their stock
in the Woonsocket Company, in stock of the United States
Company, at a price based in part on the amount of the
book accounts and bills receivable of the Woonsocket Com-
pany, guaranteed to the United States Company, each for
himself and not for the others, and pro rata in the proportion
which his number of shares bears to the whole of the capital
stock of the Woonsocket Company, payment in full within
two years of all such book accounts and bills receivable, and,
in default of payment within that period, agreed with the
United States Company to make good and pay to the Woon-
socket Company each his proportional part of the deficiency
upon demand, &c.

The first of the suits was brought in the name of the
Woonsocket Rubber Company, the second in the name of
the United States Rubber Company.   The defendants in both
cases have demurred, in the first to the first count in the
declaration based on the guaranty, and in the second case to
the declaration, the ground of both demurrers being that the
plaintiff cannot maintain the action in its own name.

(1)   As the guaranty is an instrument under seal, and not a
simple contract, our opinion is that the only party who can
sue upon it is the United States Rubber Company, to whom
the guaranty was given, notwithstanding the fact that, in

default of payment, the agreement with the United States Rubber Company is to make good and pay to the Woonsocket Company each guarantor's proportional part of the deficiency. The rule is well established in respect to contracts under seal, although there are cases to the contrary, that none but parties to such contracts can sue upon them, and this, too, though the contract be for the benefit of others. Among the numerous authorities which support the rule may be cited *Farmington* v. *Hobert*, 74 Me. 416 ; *How* v. *How*, 1 N. H. 49 ; *Fairchild* v. *New England Mutual Life Ass'n*, 51 Vt. 613 ; *Huntington* v. *Knox*, 7 Cush. 374 ; *Flinn* v. *North American Life Ins. Co.*, 115 Mass. 449 ; *Henricus* v. *Englert*, 137 N. Y. 488 ; *Loeb* v. *Barris*, 50 N. J. L. 382 ; *DeBelle* v. *Penn*, 4 Horton, 68 ; *Mississippi Central R. R. Co.* v. *Southern Railroad Ass'n*, 8 Phila. 107 ; *Harms* v. *McCormack*, 132 Ill. 104 ; *Haskett* v. *Flint*, 5 Blackf. 69 ; 1 Chit. Pl. *4 ; Dic. Par. 117, rule 12. *Contra: Costa* v. *Mayor*, 43 N. Y. 399 ; *Houghton* v. *Milburn*, 54 Wis. 554 ; *Rogers* v. *Gosnell*, 51 Mo. 466 ; *Huckabee* v. *May*, 14 Ala. 263 ; and see Albany L. J. 197. We are of opinion, therefore, that the suits in both instances should have been brought in the name of the United States Rubber Company and not, as in the first, in the name of the Woonsocket Rubber Company.

(2)   Subsequently to the bringing of the first suit counsel for the plaintiff, being of the opinion that an action could not be sustained in the name of the Woonsocket Rubber Company, filed a motion in behalf of the United States Rubber Company for leave to become a party plaintiff, in accordance with Gen. Laws R. I. cap. 233, § 23, as follows : "When an action has been commenced in the name of the wrong party as plaintiff, the court, if satisfied that it has been so commenced through mistake, and that it is necessary for the determination of the real matter in dispute so to do, may allow any other party or parties to be substituted or added as plaintiff or plaintiffs." We think that the Common Pleas Division may properly entertain and grant the motion with or without terms, as shall seem to it just on hearing.

The demurrer to the first of the above entitled suits is sus-

tained, and the demurrer in the second is overruled. Both cases are remitted to the Common Pleas Division for further proceedings.

*William G. Roelker*, for plaintiffs.

*James Tillinghast, William R. Tillinghast, and Theodore F. Tillinghast*, for defendant.