MARGARET A. WILSON, ADMINISTRATRIX AD PROSE-
QUENDUM OF THE ESTATE OF HAROLD E. WILSON,
DECEASED, APPELLANT, v. DAIRYMEN'S LEAGUE CO-
OPERATIVE ASSOCIATION, INCORPORATED, RESPOND-
ENT.

Submitted May 25, 1928—Decided October 15, 1928.

For the appellant, *Mark Townsend, Jr.,* and *George B. Sleigh.*

For the respondent, *Kalisch & Kalisch.*

The opinion of the court was delivered by

KATZENBACH, J.   This is an appeal from a judgment of the Supreme Court.   The judgment was one of nonsuit directed by the trial judge upon the opening of the case.   The action was instituted under the Death act to recover damages for the alleged wrongful killing of Harold E. Wilson.   On December 5th, 1922, in the early morning of a foggy day, Wilson was riding a bicycle on Orange street in the city of Newark. The Dairymen's League Co-operative Association, Incorporated (hereinafter referred to as the Dairymen's League), the defendant, was the owner of a truck engaged at the time

in the delivery of milk. The driver of the truck had stopped it on the southerly side of Orange street and had taken, as was claimed, the lantern from the truck to aid him to see in the delivery of a can of milk. The plaintiff propelled his bicycle into the unlighted truck head on and received serious injuries from which he died on January 30th, 1923. He left a widow and four children aged respectively five, three and two years, and two months. By advice of counsel the widow, Margaret A. Wilson, was appointed administratrix of her husband's estate.

On July 25th, 1923, less than six months from the death of Harold E. Wilson, an action under the Death act was instituted against the Dairymen's League by Mrs. Wilson as general administratrix. This was a mistake, as the action should have been instituted by an administratrix or administrator *ad prosequendum*. The mistake was not discovered until a change of plaintiff's counsel was made on August 14th, 1925. The case was reached for trial in June, 1926. In the meantime Mrs. Wilson had been appointed administratrix *ad prosequendum*. Upon the opening of the trial counsel for the plaintiff moved to amend the complaint by making Mrs. Wilson administratrix *ad prosequendum* the plaintiff in the action. This amendment was allowed over the objection of the defendant. An exception was entered to the ruling of the trial court. The case proceeded. On other grounds arising during the progress of the trial a mistrial was declared by the trial judge.

The case came up for retrial on February 11th, 1927. At the opening of the trial counsel for the plaintiff made the same motion for the amendment of the complaint. Objection to the amendment was made on the ground that at the time of the appointment of Mrs. Wilson as administratrix *ad prosequendum* the limitation as to the time in which a suit could be brought under the Death act had elapsed and the right of action was barred. The trial judge granted the motion to amend. He then granted a motion of the defendant to non-suit the plaintiff, the ground being as intimated, that the right of action had been barred by the two-year limitation of the

Death act at the time the plaintiff was appointed administratrix *ad prosequendum.* The plaintiff took an exception to the ruling. This ruling of the trial judge is now before us upon the appeal from the judgment of nonsuit taken by the plaintiff below.

Attention should perhaps be called preliminary to the fact that this action was instituted less than six months after it arose so that the respondent was fully apprised of the claim that it was responsible for the death of the plaintiff's intestate. Although commenced by Mrs. Wilson as general administratrix no motion was made to strike out the complaint. No objection to the form in which the action was brought was raised in the answer. If either had been done counsel for the plaintiff would have been apprised of the mistake and the mistake corrected. It is, of course, not incumbent upon one party to a suit to inform the other of its mistakes, but if these mistakes are permitted to pass without action by the other it is a circumstance to be taken into account if the mistakes are subsequently relied upon as a technicality to defeat the trial and final determination of what appears upon its face to be a meritorious cause of action.

In the early days of our jurisprudence many actions were brought to a summary conclusion by reason of mistakes as to form. These decisions resulted frequently in miscarriages of justice. The only meritorious result of dismissing suitors on technicalities was to create a bar adept in the science of pleading. For many years the trend has properly been in the other direction. The aim of courts and legislatures is to abolish technicalities and enable suitors to have the merits of their controversies fully tried. The Practice act of 1903 (3 *Comp. Stat., p.* 4091) provides:

"In order to prevent the failure of justice by reason of mistakes and objections of form the court or judge at all times may amend any defects and errors in any proceedings in civil actions, whether there is anything in writing to amend by or not and whether the defect or error be that of the party applying to amend or not, and all such amendments may be made with or without costs and upon terms, and all such

amendments as may be necessary for the purpose of determining in the existing action the real question in controversy between the parties shall be so made."

Section 23 of the Practice act of 1912 (*Pamph. L.* 1912, *p.* 377) provides that no civil suit or proceeding shall fail or be dismissed on the ground that the plaintiff or any party therein has mistaken the remedy or procedure, if the court in which the matter is pending shall have jurisdiction to grant the proper remedy by any procedure. The same act provides in section 8 that where a person not a party has an interest which a judgment will affect, the court, on his application, shall direct him to be made a party. Section 9 provides that new parties may be added, and parties misjoined may be dropped by the court at any stage of the cause as the ends of justice may require. Was the amendment made by the trial court an amendment of form or of substance? If the former, then there was no error, as the trial judge had discretionary power under the authorities cited to allow the amendment. If there was no error committed in allowing the amendment there was no sufficient ground to justify the nonsuit.

In the case of *Public Service* v. *Post,* 257 *Fed. Rep.* 933, the Circuit Court of Appeals had a phase of this question before it. The opinion points out that the act providing for the bringing of the action by an administrator *ad prosequendum* (*Pamph. L.* 1917, *p.* 531) in nowise affected the liability of the defendant. It did not change the persons for whose benefit recovery might be had. Their respective interests in such recovery remained the same. The amount recovered does not go into the personal estate of the deceased, to be applied to the payment of debts. It is for the exclusive benefit of the widow and next of kin. The plaintiff upon the record is merely a formal party for the maintenance of the action. The supplemental act in substituting one person for another as the formal party to prosecute the action did not affect rights theretofore existing but only the manner or method of their enforcement. The effect of these observations is that the administrator *ad prosequendum* institutes an action

for death as a matter of form and not one of substance. In our opinion there was no error in the allowance of the amendment to substitute Mrs. Wilson as administratrix *ad prosequendum* as the plaintiff in the action.. Such substitution affected no substantial right of the defendant below. It was the correction of a technical mistake. An amendment of the same character was sustained in *Brice* v. *Atlantic Coast Electric Railway Co.,* 102 *N. J. L.* 288. It is true that in this case the amendment was made within twenty-four calendar months. We think, however, the principle which upheld this amendment is the same in its application to the present case and the time when the amendment was made is no proper basis for differentiation.

To insure justice in the administration of the law it has been held in this state that an entirely different plaintiff may be substituted during the trial of an action or in the appellate court when the judgment is under review. The case of *Giardini* v. *McAdoo,* 93 *N. J. L.* 138, is an example. This case was instituted in this state under the Pennsylvania Death act. It should have, under the Pennsylvania law, been instituted by the widow of the deceased. She instituted it in her representative capacity. This objection was raised for the first time upon appeal. This court ordered an amendment to substitute the proper plaintiff. Chancellor Walker, in his opinion, said:

"We incline to the opinion that under the provision of the Practice act of 1903, concerning amendments, as interpreted in City of Hoboken *v.* Gear, and other cases, an amendment of these proceedings might be ordered by substituting the name of Adele Giardini, the widow, as plaintiff, and striking out the description of her representative character, and also by striking out the reference to the next of kin left by the deceased; but, whether so or not, the provisions of the Practice act of 1912 are broad enough to permit of its being done. And these statutes, as is known, are to be liberally and beneficially expounded; and every intendment that can be, should be made in aid of a judgment and verdict thereon, where the parties have gone to trial upon the merits of the

case, and where no attack has been made upon the pleadings and procedure prior to appeal."

Upon the authorities cited and for the reasons herein expressed the judgment of nonsuit is reversed and a *venire de novo* ordered.

*For affirmance*—KALISCH, CAMPBELL, JJ.  2.

