CLARA KIEVITT, EXECUTRIX UNDER THE LAST WILL AND TESTAMENT OF JOHN DE VOGEL, DECEASED, PLAINTIFF, v. SANTO CANNATO, DEFENDANT.

Submitted October term, 1928—Decided March 11, 1929.

Before Justices TRENCHARD, KALISCH and LLOYD.

For the rule, *Feder & Rinzler.*

*Contra, Aaron L. Simon.*

PER CURIAM.

This is defendant's rule for new trial. It is a death case in which a verdict of $1,200 was awarded to the plaintiff as executrix of John De Vogel.

The first point argued is that there should have been a nonsuit on the ground that the action was brought by the plaintiff as administratrix *ad prosequendum* when the action should have been as executrix under the statute, and that the trial judge committed error in permitting an amendment changing the form of the action to that of executrix, the statute of limitations having intervened. We think this question in prin-

ciple was ruled upon adversely to the appellant in *Wilson* v. *Dairymen's League Co-operative Association,* 143 *Atl. Rep.* 454.

It is next urged that there was error in the refusal by the judge to strike out certain testimony given by the plaintiff as to moneys paid to her by her father, the deceased, she being a married woman. This contention is without merit.

While the damages in this case must necessarily be moderate, inasmuch as the father was seventy years of age and of limited earning capacity, we think the verdict was not excessive. Deceased was earning $30 a week with a prospect of having it increased. The plaintiff, his daughter, boarded him, did his washing and ironing and he gave her $12 to $15 a week. Twelve hundred dollars loss to her as the next of kin cannot be said to be unreasonable. The verdict was not against the weight of the evidence on liability.

The rule is discharged.