EMIL P. MORGENWECK, RESPONDENT, v. CITY OF EGG HARBOR CITY, APPELLANT.

Submitted May 31, 1929—Decided October 14, 1929.

For the appellant, *Thompson & Hanstein*.

For the respondent, *William I. Garrison* and *William C. French*.

The opinion of the court was delivered by

KALISCH, J. The defendant-appellant appeals from a judgment entered in the Supreme Court on the verdict of a jury, at the Atlantic County Circuit, in favor of the plaintiff below, against the defendant below, for $1,000.

The plaintiff's action, which resulted in the verdict and judgment stated, was founded upon the allegations in plaintiff's complaint, that the defendant, city of Egg Harbor City, was carrying on a business of operating a sewer system as and for a means of revenue, and charging and collecting money for the said service, and in the course of the conduct of such business, was operating a truck along a public highway, by its servant, &c., and further, in substance, alleging actionable negligent acts, on part of such servant, resulting in injuries to the complainant.

The first ground relied on and argued in the brief of counsel of appellant, for a reversal of the judgment, is, that the trial judge erred in refusing to dismiss the complaint, because the complaint failed to set forth that the alleged act or acts of negligence upon which the plaintiff relied for a recovery was or were committed by or through a servant or servants of the municipality, and which omission was fatal to the validity of the complaint, and because the trial judge allowed the complaint which was invalid, to be amended, though it appeared the statute of limitation had run and the plaintiff's action therefore was barred.

We find no merit in this contention. The amendment was properly made. *Wilson* v. *Dairymen's League Co-operative Association, Inc.,* 105 *N. J. L.* 188. The plaintiff's action was not barred, since it was commenced within two years from the time of the happening of the accident, and the amendment which was allowed was not in legal effect, the substitution of a new cause of action for which no summons had been issued within the time required by law.

Next, it is argued that the court erred in refusing to nonsuit, and in refusing to direct a verdict on the ground that there was no proof of negligence. We find no substantial basis to support either contention. There was testimony from

which the jury was warranted in finding that the conduct of the driver of the truck was negligent, and that his negligent act resulted in damage to the plaintiff-respondent.

Lastly, it is urged, on behalf of the appellant, that it was error for the trial judge to refuse a motion for a nonsuit, and also a motion for a direction of a verdict, upon the ground that the defendant-appellant was exempt from liability for the acts of its servants in the performance of a governmental function, and that the act which the employe of the defendant-appellant was performing, at the time of the accident, was in the line of a public duty, and hence, no action would lie.

In view of the circumstances disclosed by the testimony in this case, it is quite clear that the defendant-appellant was engaged in conducting the business of operating a sewerage plant for profit, and it is unimportant whether or not the business yielded a profit to the defendant-appellant. The potent factor which must control is, the uncontroverted fact that the municipality was engaged in business, and, hence, answerable for the negligent act or acts of its servants in the conduct of such business, as an individual would be. See *Olesiewicz* v. *Camden,* 100 *N. J. L.* 336.

Judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK. CAMPBELL, LLOYD, CASE, BODINE, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 16.

*For reversal*—None.