MICHAEL NORKO, INDIVIDUALLY AND AS ADMINISTRATOR AD PROSEQUENDUM OF ANDREW NORKO, DECEASED, RESPONDENT, v. BENJAMIN W. RAU, APPELLANT.

Submitted October 31, 1930—Decided May 18, 1931.

For the respondent, *David T. Wilentz.*

For the appellant, *Messrs. Stein, McGlynn & Hannoch.*

The opinion of the court was delivered by

CASE, J.   This is a death case arising out of an automobile accident in the State of Pennsylvania, where, by statute, an action for death occasioned by negligence is allowed; the persons entitled to recover damages being, in the present case, the parents.   Plaintiff, father of the minor decedent, sued individually and as administrator *ad prosequendum.* The complaint contained two counts.   The second count sounded exclusively in the disbursements by the father, individually, for funeral expenses.   The first count sounded in damages for the death and had no words of exclusion as to the person entitled thereunder except in the final sentence which read: "By reason of the premises, plaintiff, as administrator, as aforesaid, demands on this count $50,000 damages."   During the trial this sentence was amended by striking out the words "as administrator as aforesaid," which caused the same to read: "By reason of the premises, plaintiff demands on this count $50,000 damages."   The complaint was then dismissed as to the administrator *ad prosequendum,* which left the father, individually, as the sole plaintiff.   The time had expired when, under the statute, an original action could have been instituted.   A further amendment introduced the Pennsylvania statute, by specific reference and in terms, into the complaint.   The jury rendered a verdict for the plaintiff in the sum of $2,654.50, and from the judgment entered thereon the defendant appeals.

Defendant's first point is that the court permitted the plaintiff to amend the first count of the complaint by striking therefrom the words "as administrator as aforesaid."   The argument is that thereby the action became one by the plain-

tiff Michael Norko individually, instead of as administrator *ad prosequendum,* an assertion that is only partly true as the elimination of the administrator *ad prosequendum* as a party plaintiff was by separate ruling to which the defendant neither objected nor excepted. The following Supreme Court decisions are cited: *Lower* v. *Segal,* 59 *N. J. L.* 66; *Lower* v. *Segal,* 60 *Id.* 99; *Rankin* v. *Central Railroad Co.,* 77 *Id.* 175; *Fitzhenry* v. *Consolidated Traction Co.,* 63 *Id.* 142.

The first of the Lower decisions is not relevant except on a proposition not in controversy, namely, that the personal representative is not a proper party plaintiff in an action under the Pennsylvania statute. The second was on a motion to amend the summons and declaration in such manner that the action, brought in fact by the administratrix, might appear to be brought by the widow of the deceased. In this decision various important factors entered. It was considered vexatious to allow the suit to continue inasmuch as it appeared upon the face of the declaration that the action had been begun after the expiration of the statutory period. Next, the opinion turned largely upon the construction of our statutory provision for amendments which, as will presently be noted, has since been much broadened. Finally, in distinction from the instant case, the proposal was to add a new party plaintiff, for, although the widow was alleged to be also the administratrix, she was in nowise an original party in her individual capacity. In the instant case the father was, in his own right, a party plaintiff from the inception of the action, and the amendment, however extensive in effect, was in form a mere striking out of words.

The Rankin case was on motion to vacate a nonsuit which had been granted for reasons not now in point, and the reasoning of the opinions therein and in the Fitzhenry case is subject to the observations made last above. The Rankin and Fitzhenry cases follow the second Lower case and that in turn was influenced by the construction there given to the power of amendment as contained in what was then the one hundred and thirty-eighth section of the Practice act, now section 126 of the 1903 Practice act. 3 *Comp. Stat.,*

*p.* 4091. Since those determinations the 1912 Practice act has been passed and section 23 thereof (2 *Cum. Supp. Comp. Stat., p.* 2817), in conjunction with sections 8 and 9, was regarded by this court in *Giardini* v. *McAdoo,* 93 *N. J. L.* 138 (opinion by Chancellor Walker), to be broad enough to permit even an appellate court to amend by adding the widow in her individual capacity, as plaintiff, and striking out her representative capacity as administratrix. True, the right of the record plaintiff to recover in that case had not been questioned until the appeal was taken; but the holding is that the statutory authority for such an amendment exists.

It was held by this court in *Wilson* v. *Dairymen's League Co-operative Assn.,* 105 *N. J. L.* 188; 143 *Atl. Rep.* 454, that the substitution of one person for another as the formal party to prosecute a death action does not affect the rights theretofore existing but only the manner or method of their enforcement, that the aim of courts and legislatures is to abolish technicalities and enable suitors to have the merits of their controversies fully tried and that the trial court, having allowed an amendment substituting the administratrix *ad prosequendum* as plaintiff in the place of the general administratrix, erred in thereafter nonsuiting the substituted plaintiff on the ground that at the time of the substitution the right of action was barred by the time limitation.

The amendment in the case before us was properly allowed, notwithstanding the fact that had the case so turned that the father had found himself out of court he would have been barred by time against suing anew. The ruling was justified by our statutes on amendments to pleadings and is within the authority of our decisions.

It is next urged that the court erred in denying defendant's motion for a nonsuit on the grounds (a) that the Pennsylvania statute upon which the action was based should have been, and was not, averred in the pleadings and (b) that, further, inasmuch as the right of recovery was in the parents, the mother was a necessary party plaintiff along with the father.

The omission to aver the statute was cured by amendment

to the complaint allowed in the course of the trial whereby the statute was referred to and the pertinent portion recited. The case, when it went to the jury, was within the pleadings and the pleadings, in turn, presented an issue which had support in the proofs. We are unable, having in mind the power of the court to amend the pleadings to conform to the proofs (*Giardini* v. *McAdoo, supra*), to grasp substance in the point. The statute had already, without objection from, but on the contrary with the consent of the defendant, been read into the evidence.

No statute or decision is submitted to us on the proposition that because the mother was a proper party she was also a necessary one, and we do not understand that to be the law. Else the refusal or indifference of the mother would deprive the father of his statutory right. Presumably the verdict awarded the father was only for his own damages. In any event the time has long since expired within which the mother might have instituted action. A suit by her is now barred. In the case of *Wilson* v. *Consolidated Dressed Beef Co.*, decided by the Supreme Court of Pennsylvania and reported in 145 *Atl. Rep.* 81, it appears that a judgment for damages for the death of a child was awarded the father in an action instituted by him alone, although, as may be gathered from the context, the mother was living. *Hoon* v. *Beaver Valley Traction Co.*, 54 *Atl. Rep.* 270, is another death case tried in the Pennsylvania courts wherein the sole plaintiff was the father, notwithstanding, as would seem from the casual reference in the opinion to the "parents," the mother was living. We gather, therefore, that the Pennsylvania courts do not regard the joinder of the mother a necessary prerequisite to recovery by the father. Be that as it may, the defendant was not harmed by the non-joinder, and we do not consider the ruling a ground for reversal.

The third point is that the court admitted the undertaker's bill in evidence. The objection stated at the trial was that the Pennsylvania statute, which authorized recovery for that expense, was not a part of the complaint; and no other objection may be raised here. We have already ad-

verted to the fact that the statute was, by amendment, added to the complaint.

Lastly, appellant again alleges that the amendment to which we have just referred was erroneously permitted. We have already given our views thereon.

We find no reversible error. Judgment below is affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.

*For reversal*—None.