EVERETT E. TILLINGHAST *et al. vs.* DORA M. MAGGS.

FEBRUARY 16, 1955.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

480

FLYNN, C. J. This action of trespass on the case was brought December 30, 1946 by the plaintiffs as next of kin of their deceased son Everett P. Tillinghast to recover for his death allegedly caused by the negligent and wrongful act of the defendant in North Stonington in the state of Connecticut on May 11, 1946.

In the superior court, after defendant pleaded the general issue, the case was tried to a jury and resulted in a disagreement. Before its reassignment for trial plaintiffs moved to amend their declaration in two particulars: first, by describing themselves as administrators of the estate of their son by appointment of the probate court of the town of Westerly in this state on October 9, 1948, and secondly, in describing the action as having accrued by virtue of the general statutes of Connecticut, instead of Rhode Island as appeared in the declaration. That motion was denied substantially on the ground that such an amendment in either particular, after the period of limitation had run, would amount to the declaration of a new and different cause of action. The trial justice also expressed the view that even if such amendment were allowed it would not help plain-

tiffs' cause, since in any event personal representatives of the decedent who were appointed in Rhode Island would have no standing to maintain in this state an action based on the Connecticut death by wrongful act statute.

The plaintiffs duly excepted to such ruling and the case was again tried on the original declaration and plea before a different justice of the superior court and a jury. At the conclusion of the evidence defendant moved for a directed verdict and plaintiffs renewed their motion to amend. The latter motion was denied on the same grounds relied on by the first justice, and defendant's motion for a directed verdict was granted. The case is here on plaintiffs' bill of exceptions to those rulings and also to the ruling of the first justice denying their motion to amend.

The first question under the bill of exceptions is whether the trial justice erred in denying plaintiffs' motion to amend on the ground that the proposed amendment, after the Connecticut statute of limitations had expired, amounted to the substitution of a new and different cause of action. Actions for death by wrongful act in Connecticut are governed by 2 General Statutes of Connecticut (Rev. 1930), chap. 319, sec. 5987. That section reads as follows :

> "In any action surviving to or brought by an executor or administrator for injuries resulting in death, whether instantaneous or otherwise, or whether caused by the negligence of the defendant or by his wilful, malicious or felonious act, such executor or administrator may recover from the party legally at fault for such injuries just damages not exceeding ten thousand dollars, [now amended to twenty thousand dollars by sec. 1005h of the 1945 supplement to the general statutes] provided no action shall be brought under this section but within one year from the neglect complained of or from the commission of such wilful, malicious or felonious act. All damages recovered under this section, shall be distributed as directed in section 4983."

It is further provided in the 1939 Supp. Conn. Gen. St., chap. 266, sec. 1305e:

"All damages recovered *for injuries resulting in death,* after payment of the costs and expenses of suit and all doctors' and funeral bills and the expenses of administration, shall be distributed in accordance with the law concerning the distribution of intestate personal estate."

The defendant contends that the denial of the motion to amend was correct. He argues that plaintiffs started out by including in the declaration a reference to the Rhode Island statute as the source of the right, and that any change to describe the action as accruing under the Connecticut statute, after the limitation thereunder had expired, would necessarily amount to the substitution of a new and different cause of action.

This contention assumes that the reference to the particular statute under which the action accrued is always necessary in a declaration, and also that the declaration as filed can be considered *only* as stating a cause of action arising under the Rhode Island statute. We do not agree with these contentions. We are not aware that a reference to the particular statute is necessarily required in such an action brought in Connecticut, provided the declaration alleges facts essential to the statement of a good cause of action accruing thereunder. Apart from the question as to the proper party plaintiff, which will be discussed later, the declaration as originally filed alleged all the facts necessary to constitute a good cause of action under the death by wrongful act statute of Connecticut, hereinafter referred to as the wrongful death statute.

It is true that plaintiffs then went further and, in referring to the law under which the action had accrued, described it incorrectly as arising under the general laws of Rhode Island rather than under the general statutes of Connecticut. However, in our opinion such a misdescription or reference to the wrong statute would not vitiate the other allegations, where they set out all the facts essential to a good cause of action according to the requirements of the Connecticut law.

In that connection the allegations of fact show clearly that the intestate's death resulted from an accident which happened in Connecticut. Such allegations would hardly indicate that plaintiffs were claiming an action under the Rhode Island wrongful death statute, even though so referred to later in the declaration. Moreover there seems to have been no question but that all the parties to the action understood the case was to be tried on the basis that the substantive law of Connecticut must govern, since the accident was alleged to have happened there. Further at the time of trial defendant did not claim any surprise in that respect because of the proposed amendment.

In the circumstances it seems to us that an action based on the Connecticut statute was clearly indicated by the essential allegations of the declaration and was so understood; that apart from the question of party plaintiff the declaration alleged a good cause of action under the Connecticut law; and that mention in the declaration of the particular Rhode Island statute, being unnecessary and not misleading, could be treated as surplusage. In our opinion, therefore, the proposed amendment would not be changing the declaration to a new and different cause of action, even if we assume that the actions under the Rhode Island and Connecticut statutes are substantially different as defendant contends. On the contrary it merely would be seeking to continue the same action as originally declared on, substituting only a correct description or reference to the Connecticut statute under which the right of action had accrued.

But defendant further contends that the action was *initiated* by the beneficiaries as plaintiffs, whereas the right of action in Connecticut is given only to "an executor or administrator" of the decedent's estate; that such proceeding must be treated as a nullity; and that therefore the proposed amendment, after the limitation of such statute had expired, would necessarily amount to a new and different cause of action. These contentions raise an interesting and important question which in our judgment involves not

only the wrongful death statute but also the statute of amendments of Connecticut. Indeed, if the court of that state has decided that an action under its wrongful death statute, even though initiated within the prescribed period of limitation by the only persons for whose benefit the right of action was expressly created, is nevertheless a nullity *ab initio* and that such a proceeding may not be amended at any time by the substitution of a proper administrator as plaintiff, then the instant case would end here. The reason is that in an action brought here on such statute of Connecticut this court, under the doctrine of comity, would apply the substantive law as declared by the highest court of that state, provided it did not contravene an established policy or law of this state.

However, defendant has cited no case wherein the Connecticut court, in applying its liberal statute of amendments to a proceeding initiated under its wrongful death statute within the limitation, has nevertheless refused to permit an amendment which would merely add decedent's administrator as party plaintiff. Nor have we found any case in Connecticut where a ruling on any such proposed amendment involved a proceeding, as here, actually initiated by the sole beneficiaries as set forth in the wrongful death statute and within the period of its limitation. Therefore in the instant case we must reach a conclusion in accordance with what appears to be the reasonable intent and application of the above-mentioned statutes of Connecticut without the assistance of a specific precedent as decided by its court of last resort.

Clearly under the Connecticut wrongful death statute all proceeds recoverable in such action belong to the beneficiaries and *not* to the estate or administrator thereof, even though the right of action is given to an executor or administrator of the deceased. The administrator apparently is treated merely as a trustee or agency to bring the action for the benefit of the heirs of the deceased as provided by Connecticut law. Moreover the defendant

does not dispute the fact that Connecticut has a statute of amendments which generally is applied liberally in order to prevent the failure of an otherwise good cause of action for want of a proper party plaintiff. Similarly in this state, generally speaking, amendments for such a purpose are granted liberally and when granted they take effect as of the filing of the action. See *Woonsocket Rubber Co.* v. *Banigan,* 21 R. I. 146; *Taylor* v. *Superior Court,* 30 R. I. 560; *Narragansett Milling Co.* v. *Salisbury,* 53 R. I. 296; *Plaine* v. *Samdperil,* 54 R. I. 214. Since an amendment, if granted, relates back to the time when the action was commenced, it is not affected by the running of the statute. *Missouri, Kansas & Texas Ry.* v. *Wulf,* 226 U. S. 570; *Norko* v. *Rau,* 107 N.J.L. 479.

Although some cases hold to the contrary, the weight of authority seems to support such a rule even in cases which are brought under a wrongful death statute, where the limitation attaches to the right and not merely to the remedy. 16 Am. Jur., Death, §290, p. 202, and cases cited. And further, when such an action is commenced in a foreign jurisdiction it is said, in line with other holdings: "Although there is some authority to the contrary, where the original declaration bases the cause of action upon the death statute of one state, a subsequent amendment changing it to a cause of action arising under the statute of another state does not, according to the weight of authority, introduce a new and different cause of action, and though filed subsequent to the expiration of the period of limitation, is not open to the defense of the statute of limitations, but relates back to the time of the filing of the original declaration." 16 Am. Jur. Cum. Supp., Death, §293.1, p. 26. Many of these cases distinguish between the right of action and the cause of action, while most if not all seem to recognize that the beneficiaries are the real parties in interest and that the administrator is only a nominal party or trustee for their benefit.

The question then is whether the proceeding in the instant case, which was initiated by the sole beneficiaries and was otherwise in conformity with the Connecticut wrongful death statute, would be recognized by the court of that state to the extent of permitting a subsequent amendment to save an otherwise good cause of action by merely adding a proper administrator of the decedent's estate as party plaintiff. That question should be considered in the light of certain peculiar circumstances. At the time of the accident the decedent and defendant were both domiciled residents of Rhode Island; the decedent had left no estate in Connecticut to be administered there; and at the time the instant action was begun by the beneficiaries no administrator of his estate had been appointed either in Rhode Island or Connecticut.

If the Connecticut court, in the special circumstances presented before us, were to hold that the pending proceeding thus initiated by the beneficiaries in time was nevertheless a nullity *ab initio*, it would follow that even a proper party could not be added by later amendment. We are aware that the Connecticut court has held that the right of action under such statute was conferred on an executor or administrator and that it must be brought within a year of the accident. But we have found no case where that court was confronted with a request to amend by adding a proper administrator as plaintiff in a proceeding which was initiated within the period of limitation by the sole persons for whose benefit the action was created.

In the absence of any ruling by the Connecticut court to the contrary, we feel that the legislature of that state did not contemplate such a construction. In our view they did not intend to permit the benefits, which they had specifically given by the statute exclusively to the beneficiaries, to be defeated so easily. Nor do we think they intended that either the limitation prescribed in the death statute or the statute of amendments was to be applied so strictly as to prevent a proper party plaintiff from being added to a

declaration that otherwise stated a good cause of action under their wrongful death statute.

In the circumstances therefore we hold that the construction adopted by the trial justice here was erroneous. We are of the opinion that at the worst the declaration, which was here filed in time by the sole beneficiaries who are the real parties in interest, should be treated as a defective statement of a good cause of action rather than a statement of a defective cause which was a nullity *ab initio*; that the amendment sought merely to add a proper party plaintiff to an otherwise good cause of action; that the addition of such party plaintiff did not constitute a new and different cause of action as would be the case if the amendment added a new defendant; that for reasons previously stated the declaration may be considered from the beginning as alleging a cause of action based on the Connecticut wrongful death statute; and that it was error in each particular to deny plaintiffs' motion to amend. If such motion had been allowed the amendment would have related back to the time of filing and would then have stood as brought by the personal representatives of the decedent under their appointment in Rhode Island but suing in this state in a timely action based on the wrongful death statute of the state of Connecticut.

The defendant next contends that this cannot be done, because the Connecticut statute provides that the action shall be brought by an executor or administrator of the decedent and must be construed to mean *only* a personal representative appointed in Connecticut, even where the action is brought in a foreign jurisdiction. She does not point out any language in the statute that necessarily requires such construction. Nor does she cite any Connecticut case where it has been so construed. She relies therefor solely on a construction of such statute in *Connor* v. *New York, New Haven & Hartford R. R.*, 28 R. I. 560, where after citing *Hartford & New Haven R. R.* v. *Andrews*, 36 Conn. 213, this court stated at page 563: "The inference

is plain that to enforce the right under the Connecticut statute there must be a Connecticut administrator; or, in other words, that the Connecticut statute gives the right of action to the Connecticut representative only."

Neither the *Andrews* case nor the *Connor* case involved a situation like the one in the case at bar. Therefore, we do not think this court intended by the above-quoted language to declare that an action under the Connecticut statute could be brought in a foreign jurisdiction *only* by a decedent's personal representative who was appointed in Connecticut. If that was intended by the court of this state, it was dictum since that was not an issue necessary for decision in the *Connor* case.

Further it is not in accord with the great weight of authority on that subject. In 2 Beale, Conflict of Laws, §396.1, p. 1313, it is stated: "If the statute provides that suit shall be brought by the personal representative of the deceased, suit may be brought by the representative appointed at the forum, and a representative may be appointed there for the purpose * * *." To the same effect see 25 C.J.S., Death, §58 b, p. 1174, wherein it is stated: "It is generally held that an administrator appointed in the state where suit is brought may sue on a cause of action arising in another state under a statute authorizing the personal representative to sue * * *." Moreover that conclusion was expressly held in the following among other cases: *Nelson* v. *Chesapeake & Ohio R. R.,* 88 Va. 971; *Harrill* v. *South Carolina & Georgia Extension Ry. of North Carolina,* 132 N. C. 655; *Wasserman* v. *Tannenbaum,* 23 N. J. Super. 599; *Dickinson* v. *Jones,* 309 Pa. 256. In a note to the last-cited case in 85 A.L.R. 1226, at page 1232, it is stated that the great weight of authority supports the view that the personal representative of a decedent who was domiciled in the forum may maintain an action for his death under the statute of another state. See also Restatement, Conflict of Laws, chap. 9, §396, p. 483.

We are not aware of any Connecticut case which construes the wrongful death statute of that state as limiting the

right of action thereunder to a deceased's personal representative appointed in Connecticut, even where it is necessary to sue the defendant in a foreign jurisdiction. In the absence of such a case, we construe the statute in question as authorizing a decedent's personal representative appointed in a foreign jurisdiction to bring suit in that jurisdiction under the Connecticut statute. Such a conclusion was reached in the case of *Higgins* v. *Central New England & Western R. R.*, 155 Mass. 176. In that case a domiciled resident of Massachusetts was instantly killed in Connecticut by the alleged negligence of the defendant railroad corporation. An administrator for the intestate was appointed in Massachusetts and was permitted to bring an action in Massachusetts based on the wrongful death statute of Connecticut. The case came before the Massachusetts court on a demurrer.

In deciding thereunder whether an administrator appointed in Massachusetts could sue on the Connecticut statute, the Massachusetts court, at page 179, concluded: "Viewing this statute of Connecticut as a whole, it plainly puts such causes of action as the present upon the footing of personal actions which survive, and which are everywhere considered transitory; that is, they go with the person who has the right of action where he goes, and are enforceable in any forum according to its rules of procedure. If they survive, such actions, like other personal estate, are considered to have *situs* in the place of domicile, and to pass to the administrator there appointed."

Moreover the reasons for thus construing a wrongful death statute of another state have been well stated in *Ghilain* v. *Couture*, 84 N. H. 48, 55, as follows: "Neither the persons for whose death recovery was provided, nor the beneficiaries for whose benefit the action was to lie, were limited to residents of the state. It must have been in the contemplation of the legislature that, if the rights created were to be effectively enforced, recovery must be sought in the jurisdiction where the defendant, or his property, could be found.

It must have understood that the domicile of the deceased and the forum of enforcement, one or both, would frequently, and of necessity, be beyond the bounds of the state. In specifying the person to be invested with the authority of enforcing the rights of the designated beneficiaries the legislature, therefore, selected a class of officials common to all jurisdictions the members of which usually represent deceased persons, and who would therefore be convenient of appointment. No attempt was made to be specific by limiting the authorized plaintiff to the domiciliary, ancillary or domestic members of the class. * * * It would seem that the statute, by the grant of valuable rights for the benefit of the specified beneficiaries, impliedly confers upon the probate courts of any state where the enforcement of such right may be properly sought the power to appoint an administrator who may bring the action."

· Of course it is well settled that the *lex loci delicti* governs as to the person who is authorized to bring suit as well as the nature of the right thereunder. However, until the Connecticut court makes a contrary construction we conclude, on the reasoning adopted by the Massachusetts and New Hampshire supreme courts, *supra,* and similar holdings in several other cases, that the Connecticut statute was not intended to limit the maintenance of suits thereunder in foreign jurisdictions to a decedent's personal representative appointed in Connecticut. In the instant case, therefore, we are of the opinion that the decedent's personal representatives appointed in Rhode Island, which was the domicile of all the parties, may properly maintain the action in question under the death by wrongful act statute of Connecticut.

The plaintiffs' exceptions are sustained, and the case is remitted to the superior court with direction to grant their motion to amend the declaration and also their motion for a new trial on the declaration as amended.

O'CONNELL, J., dissenting. I am unable to agree with the majority opinion for the reasons hereinafter stated.

It is to be noted that the pertinent Connecticut statute applicable here contains the proviso that "no action shall be brought under this section *but within one year* from the neglect complained of or from the commission of such wilful, malicious or felonious act." (italics mine) 2 General Statutes of Connecticut (Rev. 1930), chapter 319, sec. 5987. It further provides that such action may be brought by the executor or administrator of the deceased. No one else is authorized to institute suit thereunder. In *Connor* v. *New York, New Haven & Hartford R. R.*, 28 R. I. 560, this court held that where the statute of another state gives a right of action to the personal representatives of a deceased it means the executor or administrator appointed and acting under the authority of such foreign state. See also *Hartford & New Haven R. R.* v. *Andrews*, 36 Conn. 213. In the instant case no administrator was appointed in Connecticut.

It is well settled in this state that the right of action arising out of a tort is governed by the law of the place where the tort occurred. *O'Reilly* v. *New York & New England R. R.*, 16 R. I. 388; *Pendar* v. *H. & B. American Machine Co.*, 35 R. I. 321; *Kwasniewski* v. *New York, New Haven & Hartford R. R.*, 53 R. I. 144. See also 15 C.J.S., Conflict of Laws, §12, p. 897. The right claimed by the plaintiffs is one created by the law of Connecticut which limits the remedy to one year. Such right therefore is nowhere enforceable after that limitation of time has expired. *Gratton* v. *Harwood*, 53 R. I. 94; *Wingert* v. *Carpenter*, 101 Mich. 395. See also 25 C.J.S., Death, §77, p. 1200.

The statute of limitations cannot be evaded under the guise of an amendment. In *Wingert* v. *Carpenter, supra*, plaintiff sued to recover damages for the death of his decedent, caused, as alleged, by the negligence of the defendant, a Michigan corporation engaged in running a line of steamers in both Michigan and Canadian waters, in the latter of which the decedent was drowned. A verdict was directed for the defendant on the ground that the cause

of action arose wholly without the jurisdiction of the state. The plaintiff applied for leave to amend the declaration, similar to plaintiffs' action in the instant case, by setting forth the statute of another jurisdiction on the subject, namely, the Canadian statute. That statute limited the time for bringing suit to twelve months, which had expired, as here, when the motion to amend was made. The court held that the right of action, having been barred in Canada, was likewise barred in Michigan and that the motion to amend was properly denied.

The court stated at page 397: "The cause of action arose in Canada, and under Canadian laws. If the plaintiff has any right of action, it is by virtue of those laws. *The question must therefore be determined by the same rule that would hold were this the commencement of a suit.* The statute of limitations cannot be evaded under the guise of an amendment. *Gorman* v. *Circuit Judge,* 27 Mich. 138. The Canadian statute establishes the liability and provides the remedy. It must control. The right of action, having become barred in Canada, is barred here. *The Harrisburg,* 119 U. S. 214." (italics mine)

It would appear therefore that when the first motion to amend the declaration was made, nearly two years and five months after the death of plaintiffs' intestate, there was no *valid* action pending based on the provisions of the Connecticut statute. The second motion to amend was made more than two years after a similar motion had been denied by another justice of the superior court and almost six years and five months after the death of plaintiffs' intestate. These motions to amend sought to change the parties and to change the law on which the action was based, all after the statute of limitations of both the forum and *locus delicti* had expired.

The pending suit was not filed by a Connecticut executor or administrator as required by the applicable Connecticut law. The proposed amendment would substitute an entirely different legal basis for determining the rights of the parties

as of the date of the accident, and would clearly have substituted one cause of action for another. Neither the pending action nor the new action contemplated by the proposed amendment could have been maintained in Connecticut because they did not come within the terms of the applicable Connecticut statute. Consequently neither action was maintainable in this state. See *Kwasniewski* v. *New York, New Haven & Hartford R. R., supra.* In my judgment the proceeding which was brought by the beneficiaries had no legal standing whatever under the Connecticut statute and was void *ab initio*.

In my opinion all of the plaintiffs' exceptions should be overruled, and the case remitted to the superior court for entry of judgment on the verdict as directed.

*Cappuccio & Cappuccio, Frank S. Cappuccio,* for plaintiffs.

*William A. Gunning, William H. Leslie, Jr.,* for defendant.