Pasquale Cofrancesco *v.* Allen Smith et al.

Superior Court    New Haven County    File No. 122897
AT New Haven

Memorandum filed February 17, 1971

*Olmer & Krevolin,* of New Haven, for the plaintiff.

*Reilly & Peck,* of New Haven, for the defendants.

FitzGerald, J.  By writ, summons and complaint dated February 17, 1970, served on the two defendants on February 19, 1970, and returned to this court on the first Tuesday of April, 1970, the designated plaintiff therein, Pasquale Cofrancesco, brought the within action to recover damages for the death, on February 18, 1969, of Sue Ann Cofrancesco, who, while crossing a certain highway in Bethany on the afternoon of that day, was allegedly struck by a car owned by the defendant husband and being operated negligently by the defendant wife.  Paragraph 1 of the complaint in its original form alleges, among other things, that the decedent

died leaving no will, being survived by the plaintiff, her father, and by her mother, as sole heirs; that no estate up to that time had been opened but that the plaintiff had made application to be appointed administrator by the Probate Court for the district of Bethany. By an amendment filed April 8, 1970, dated the preceding day, the originally designated plaintiff filed an amendment to the writ, summons and complaint by substituting the name of "Pasquale Cofrancesco, Administrator of the Estate of Sue Ann Cofrancesco," as plaintiff, and substituting another paragraph in lieu of paragraph 1 of the complaint in its original form. The substituted paragraph is patterned upon the original paragraph 1 with the exception of the concluding words, which read: "[O]n February 27, 1970, Pasquale Cofrancesco was appointed Administrator of the Estate of Sue Ann Cofrancesco in the Probate Court, District of Bethany, State of Connecticut."

The defendants move to erase the action from the docket upon the grounds recited in their motion as on file. Basically, the stated grounds challenge the jurisdiction of the court over the cause of action. "Jurisdiction is the power in a court to hear and determine the cause of action presented to it. Jurisdiction must exist in three particulars: the subject matter of the case, the parties, and the process." *Brown* v. *Cato,* 147 Conn. 418, 422; *McCoy* v. *Raucci,* 156 Conn. 115, 117.

The question of jurisdiction raised by the motion to erase under consideration relates to subject matter. The Connecticut rule is that a motion to erase from the docket will be granted only when it clearly appears on the face of the record that the court is without jurisdiction. Such a motion admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone. *Brown* v. *Cato,* supra, 419, and cases cited. "[T]he ques-

tion, once raised, must be disposed of no matter in what form it is presented." *Carten* v. *Carten,* 153 Conn. 603, 610.

The originally designated plaintiff was Pasquale Cofrancesco, father of the decedent, who lost her life on February 18, 1969, when allegedly struck on the afternoon of that day by a car owned by the defendant husband and being operated negligently by the defendant wife. As party plaintiff in the originally instituted action, Pasquale Cofrancesco asked damages in the amount of $150,000 for the decedent's death. The original writ, summons and complaint, as disclosed by the officer's return, were served on February 19, 1970, a year and one day after the fatality. The amendment to the original writ, summons and complaint, filed April 8, 1970, within thirty days after return day, recites that the appointment of the originally designated plaintiff as administrator by the Probate Court was on February 27, 1970, being a year and nine days after the decedent's death. Here in Connecticut, an action is regarded as having been brought on the date of service on the defendant. *Consolidated Motor Lines, Inc.* v. *M & M Transportation Co.,* 128 Conn. 107, 109; *Seaboard Burner Corporation* v. *DeLong,* 145 Conn. 300, 303. In this case, that date was February 19, 1970. As already pointed out, that date is a year and one day after the fatality (February 18, 1969). Since the initial service upon the defendants was made February 19, 1970, the plaintiff's appointment as administrator on February 27, 1970, was eight days subsequent thereto.

"Death, at common law, is not a recoverable element of damage." *Foran* v. *Carangelo,* 153 Conn. 356, 359, citing *Floyd* v. *Fruit Industries, Inc.,* 144 Conn. 659, 668, and 22 Am. Jur. 2d, Death, § 1. It is only by reason of statute that a death action

is maintainable in Connecticut. General Statutes § 52-555. This statute provides for the bringing of such an action by either an executor or an administrator; it does not confer on anyone else, including the parents of a decedent, any right to bring such an action individually. Moreover, the statute contains a limitation of one year from the date of injury in which such an action can be brought.[1] The Connecticut rule, and the general rule, is "that where a statute gives a right of action which did not exist at common law, and fixes the time within which the right must be enforced, the time fixed is a limitation or condition attached to the right—it is a limitation of the liability itself as created, and not of the remedy alone." *DeMartino* v. *Siemon,* 90 Conn. 527, 528, and cases cited from other jurisdictions, as well as the earlier Connecticut case of *Radezky* v. *Sargent & Co.,* 77 Conn. 110. The rule stated in *DeMartino* by strong implication supports the proposition that delay in taking out administration does not extend the one-year time limitation contained in the statute. Compare the comment in *Baker* v. *Baningoso,* 134 Conn. 382, 384, following a quotation from *Radezky.*

The writ, summons and complaint as originally drawn were a nullity in that they stated no cause of action recognized in Connecticut. That paragraph 1 of the complaint in its original form alleges that the plaintiff had made application to be appointed administrator in no sense cured the nullity of the initially alleged cause of action.

Did the subsequent amendment of April 8, 1970, in which it is made to appear that on February 27, 1970, the originally designated plaintiff was ap-

---

[1] Public Acts 1969, No. 401 § 1, effective October 1, 1969, increased the limitation to two years. This amendment to § 52-555 is applicable only to injuries first sustained on or after October 1, 1969.

pointed administrator of the estate by the Probate Court, cure the nullity of the initially alleged cause of action? The court thinks not.

While an amendment to a complaint relates back in time to the institution of the action for some purposes, it does not do so when it sets up a new and different cause of action. *Kelsall* v. *Kelsall,* 139 Conn. 163, 165, and cases cited.

As already pointed out, the writ, summons and complaint as originally drawn were a nullity. The amendment seeks to cure the initial nullity by setting up a new and different cause of action under the statute. Hence the amendment speaks as of the date when filed. Viewed from this standpoint, the cause of action now attempted to be asserted does not meet the limitation of the statute as to the one-year requirement. It speaks from the date of its filing, namely, April 8, 1970. A statutory cause of action for the death of the decedent arose on February 18, 1969, the date of the fatality being more than thirteen months before April 8, 1970. Service of the defective cause of action constituting a nullity was made upon the defendants on February 19, 1970, a year and a day after the death of the decedent. Since the Connecticut death statute (§ 52-555), as applied to this action, limits the enforcement of liability to one year from February 18, 1968, the amendment cannot be held to perfect the original defective cause of action which constituted a nullity.

The plaintiff relies heavily upon the majority opinion of the Supreme Court of Rhode Island in *Tillinghast* v. *Maggs,* 82 R.I. 478. In that case the plaintiffs, as next of kin of their son, who died as the result of injuries received in Connecticut on May 11, 1946, caused by the alleged negligence of the defendant, brought action in the Superior Court of Rhode Island to recover damages for his death.

The case was tried to the jury on the general issue and resulted in a disagreement. Before reassignment for trial, the plaintiffs moved to amend their declaration in two particulars: (1) by describing themselves as administrators of the estate of their deceased son by appointment of the Probate Court of a specified town in Rhode Island on October 9, 1948, being nearly two years after the action was brought on December 30, 1946; (2) by describing the action as having accrued by virtue of § 5987 of the 1930 Revision of the Connecticut General Statutes, a predecessor statute to what is now § 52-555 of the General Statutes. The trial court denied the motion. On appeal, the majority opinion of the Supreme Court of Rhode Island declared error in the ruling of the trial court. Without laboring the point, this court does not accept the views of the majority opinion in *Tillinghast,* and is not required to do so. It is the feeling of this court, a trial court of Connecticut, that the Supreme Court of Connecticut would not adopt the views expressed in the majority opinion of *Tillinghast,* if called upon to do so. The minority opinion in *Tillinghast,* in reaching a different result from the majority opinion, would appear to contain better reasoning and to accord proper weight to the significance of the Connecticut statute. And this is so notwithstanding the fact that it would appear that the Rhode Island action originally was brought within one year of the decedent's death. Clearly, the text of the dissenting opinion in *Tillinghast* offers a sounder and more clearly defined guideline, in a consideration of the problem posed by the motion here, than does the majority opinion of the Rhode Island court.

In view of all of the foregoing, the motion of the defendants to erase the action from the docket of this court for want of jurisdiction over the subject matter, as appears on the record, is required to be,

and is, granted. The result reached is painful to this judge as the trial court. It is not the function of a trial court to make new law—that is the function of the legislature and appellate courts—but to follow and apply existing principles and precepts to the problems at hand.

In view of the within disposition, it is not necessary to consider the motion of the defendants to expunge the amendment dated April 7, 1970, and filed on the following day. The motion to erase and the motion to expunge filed by the defendants were both dated and filed on December 11, 1970. The within ruling granting the motion to erase dispenses with a consideration of the motion to expunge. The latter motion would have been granted but for the outcome of the motion to erase.

Judgment may enter, pursuant to the second preceding paragraph of this memorandum, erasing the action from the docket of this court for want of jurisdiction over the subject matter, as appears on the record.