SIGMUND MILLER, TEMPORARY ADMINISTRATOR (ESTATES OF MOHAMED ABDUL-SAMED DIGHIDI AND GAMEL AL-MOGHRABY HASSAN) *v.* UNITED TECHNOLOGIES CORPORATION ET AL.

SUPERIOR COURT  JUDICIAL DISTRICT OF  FILE NO. 221788
FAIRFIELD AT BRIDGEPORT

Memorandum filed August 21, 1986

*Koskoff, Koskoff & Bieder,* for the plaintiff.

*Howard, Kohn, Sprague & Fitzgerald,* for the named defendant.

*Wiggin & Dana,* for the defendant General Dynamics Corporation.

*Bai, Pollack & Dunnigan,* for the defendant Chandler Evans, Inc.

JACOBSON, J. The plaintiff Sigmund Miller, temporary administrator of the estates of Mohamed Abdul-Samed Dighidi and Gamel Al-Moghraby Hassan, commenced this product liability action on January 19, 1985. The plaintiff's decedents were killed on January 20, 1983, when their American made F-16 jet fighter crashed in Egypt. The decedents were members of the Egyptian Air Force who had trained in the United States. The plane was owned by the Egyptian government.

The defendant General Dynamics Corporation, a Delaware corporation with its headquarters in St. Louis, Missouri, designed and assembled the F-16. The F-16 was assembled by General Dynamics in Fort Worth, Texas. The defendant United Technologies Corporation, a Delaware corporation with its principal place of business in Connecticut, designed and manufactured the F-16's engine in Connecticut. The defendant Chandler Evans, Inc., designed and manufactured the F-16's fuel pump in Connecticut.

The plaintiff Miller was appointed temporary administrator of the estates by the Probate Court for the district of Bridgeport on January 18, 1985. This action was commenced on January 19, 1985, one day before the running of the wrongful death statute of limitations. General Statutes § 52-555. Since that time, the plaintiff has been appointed permanent administrator of the estates and has instituted a similar action in his capacity as permanent administrator. The plaintiff has suggested that the court consolidate the two actions.

This case is presently before the court on the defendants' motion to dismiss. The defendants argue first that the wrongful death statute permits only a permanent administrator and not a temporary administrator to bring such an action. The defendants also argue that this action should be dismissed on the basis of forum non conveniens. In a hearing held on May 28, 1986, this court determined that an evidentiary hearing would be necessary to determine the forum non conveniens issue. The hearing was held on July 21, 1986. This memorandum will address the first issue raised in the motion to dismiss and the plaintiff's request to consolidate.

The motion to dismiss shall be used to assert, inter alia, lack of jurisdiction over the subject matter. Practice Book § 143. "Any claim of lack of jurisdiction over the subject matter cannot be waived . . . ." Practice Book § 145. " 'Whenever the absence of jurisdiction is brought to the notice of the court or tribunal, cognizance of it must be taken and the matter passed upon before it "can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction." ' " *Baldwin Piano & Organ Co.* v. *Blake,* 186 Conn. 295, 297, 441 A.2d 183 (1982). Whether the plaintiff in a wrongful death action is an executor or administrator is a question of subject matter jurisdiction. *Cofrancesco* v. *Smith,* 29 Conn. Sup. 139, 140, 275 A.2d 608 (1971); see also *Isaac* v. *Mount Sinai Hospital,* 3 Conn. App. 598, 490 A.2d 1024, cert. denied, 196 Conn. 807, 494 A.2d 904 (1985).

The defendants' first argument is that the plaintiff, as temporary administrator, did not obtain the Probate Court's authorization to bring any action on behalf of the estates. A temporary administrator is appointed by the Probate Court "to hold and preserve the estate until the appointment of an administrator or trustee or the probating of the will." General Statutes § 45-249c; *Rich* v. *Dixon,* 153 Conn. 52, 59, 212 A.2d

417 (1965). "The temporary administrator or officer appointed pursuant to . . . section 45-249c shall take immediate possession of all the real and personal property of the deceased, collect the rents, debts and income thereof and do any additional acts necessary for the preservation of the estate that the court authorizes." General Statutes § 45-249d (a). The temporary administrator is an emergency officer with the authority to care for and preserve the estate until the general administrator is appointed as its proper legal representative. *Rich* v. *Dixon*, supra, 61.

In the present case, the plaintiff was appointed temporary administrator on January 18, 1985. Pursuant to § 45-249c, Richard A. Bieder, attorney for the plaintiff asked the Probate Court for the district of Bridgeport to appoint the plaintiff as temporary administrator. This request was made for the sole purpose of bringing a wrongful death action to protect against the running of the two year statute of limitations contained in § 52-555. Based on this request, the Probate Court granted the plaintiff's application to be named temporary administrator on January 18, 1985.

Although the Probate Court appointed Miller as temporary administrator for the purpose of bringing this action, unless a temporary administrator is a proper party to bring a wrongful death action, the appointment of Miller is of no consequence. The defendants argue that even if the plaintiff was given authority by the Probate Court to institute this suit, the wrongful death statute bars any such action by a temporary administrator.

A cause of action under the wrongful death statute can only be brought by an executor or administrator of an estate and not by the decedent's dependents. General Statutes § 52-555; *Keogh* v. *Bridgeport*, 187 Conn. 53, 58, 444 A.2d 225 (1982). "Because it expressly pro-

vides for the bringing of such an action by either an executor or an administrator, it precludes anyone else, including the parents or spouse of a decedent, from bringing such an action individually." *Leland* v. *Chawla,* 39 Conn. Sup. 8, 11, 467 A.2d 439 (1983); *Cofrancesco* v. *Smith,* supra, 142; see also *Isaac* v. *Mount Sinai Hospital,* supra, 601.

The case law interpreting § 52-555 expressly distinguishes administrators of an estate from persons suing in their individual capacity. The term administrator is nowhere defined to exclude a temporary administrator. Additionally, the purpose of limiting such an action to an administrator is to permit only a representative of the decedent's estate to bring such an action in the name of the estate. See *Isaac* v. *Mount Sinai Hospital,* supra; *Leland* v. *Chawla,* supra; *Cofrancesco* v. *Smith,* supra. Where, as here, the temporary administrator is authorized to commence an action to preserve the estate, the temporary administrator is serving in the same representative capacity as a permanent administrator. As such, the term "administrator" should be defined to include temporary administrators.

Additionally, where, as in the present case, there is more than one statute involved, the court presumes the legislature intended them to be read together to create a harmonious body of law and if possible to avoid conflict between them. *Bergin* v. *Tonken,* 192 Conn. 581, 589, 473 A.2d 782 (1984). The court should try to find a reasonable field for the operation of both statutes. *Blue Cross & Blue Shield of Connecticut, Inc.* v. *Mike,* 184 Conn. 352, 362, 439 A.2d 1026 (1981).

Section 52-555 permits the bringing of a wrongful death action by an executor or administrator only. Section 45-249c permits a temporary administrator to "preserve the estate until the appointment of an administrator" and § 45-249d (a) permits the temporary

administrator to do "any acts necessary for the preservation of the estate that the court authorizes." Reading these statutes together, the term "executor or administrator" in § 52-555 should be interpreted to include a temporary administrator so as to allow a temporary administrator to commence a wrongful death action when necessary to preserve the estate.

For the foregoing reasons, the defendants' first argument is not a ground upon which to grant the defendants' motion to dismiss.

At the hearing held on May 28, 1986, the attorneys for the plaintiff suggested that the court consolidate this action with the subsequent action brought by the plaintiff as permanent administrator after the statute of limitations had run.

Where the permanent administrator is appointed after the running of the statute of limitations in § 52-555, the action is barred by said statute of limitations. *Isaac* v. *Mount Sinai Hospital,* supra, 602; *Cofrancesco* v. *Smith,* supra, 139. As the second action brought by the permanent administrator is necessarily time-barred, there is nothing to consolidate with the present action. Rather than consolidating the two actions, this court will substitute the plaintiff as permanent administrator for the plaintiff as temporary administrator. See Practice Book § 100. Substituting the permanent administrator for the temporary administrator would also be in keeping with the purpose of the appointment of the temporary administrator which is to preserve the estate until a permanent administrator is appointed. *Rich* v. *Dixon,* supra, 61.

In conclusion, this court denies the motion to dismiss and orders that the plaintiff, permanent administrator be substituted for the plaintiff, temporary administrator.