[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The defendant moves to dismiss on the ground that the court lacks subject matter jurisdiction because the plaintiff's are not aggrieved.
This is an appeal by plaintiffs, the Stanley Works (Stanley), and the American Savings Bank (American) filed pursuant to General Statutes 4-176(h) and 4-183 from the Connecticut Department of Public Works' (Department) January 4, 1991 declaratory ruling.
The following facts are derived from the complaint filed April 23, 1991 as amended by a complaint filed May 31, 1991 and exhibits attached thereto. On November 14, 1990 plaintiff filed with the Department a petition for a declaratory ruling asserting the following facts:
The Connecticut Department of Revenue Services, Division of Special Revenue (Division), establishes and conducts "systems of off-track betting" in locations about the State.
On or before June 25, 1990, the Division decided to relocate an off-track betting (OTB) facility from New Brite Plaza in New Britain to a building at 677 West Main Street, New Britain.
The property at 677 West Main Street is abutted by property owned by Stanley located at 1255 Corbin Avenue and a branch office of American located at West Main Street.
On or about July 21, 1990, the Division negotiated terms of an agreement to lease the premises at 677 West Main Street with West Main Street Associates.
The Division retained and directed its counsel to conduct further review of the lease terms it negotiated with West Main Street Associates.
Subsequently, and acting through American Totalisator Company, Inc. (AmTot), the Division arranged for the execution of a written indenture of lease (Lease) for the premises at 677 West Main Street, New Britain, the nominal parties to the lease being AmTot and west Main Street Associates. CT Page 8166
AmTot, in executing the lease for the premises at 677 West Main Street, acted pursuant to an agreement with the Division executed on May 24, 1973, and renewed and/or amend on January 31, 1983, March 31, 1983, and April 6, 1990.
The space leased at 677 West Main Street by AmTot for the conduct of Division OTB activities was leased without the approval of the Connecticut Commissioner of Public Works (the Commissioner) and without review by the State Properties Review Board (the Board) in violation of General Statutes4b-1 et seq.
Plaintiffs sought the following rulings from the Department:
 (a) The agreement between AmTot and the Division for the lease of premises at 677 West Main Street, New Britain is invalid under CGS 4b-1(5) and 4b-3(d) absent the Commissioner having represented the State in the Division's dealings with AmTot. (b) In the absence of adoption of the regulations required under CGS 4b-23(o) the subject Lease is invalid or alternatively is not valid until it has been subject to review by the Department. (c) The Department must review, negotiate and execute the subject Lease on behalf of the State under CGS 4b-1(5), 4b-3(d), 4b-23(o) and 4b-30 the Lease is not valid. (d) The State Properties Review Board must review and approve the subject Lease under CGS 4b-3(f) prior to the Lease having any force or effect.
The Department issued its ruling on March 11, 1991 finding that the agreement and lease do not fall within the Department's statutory duties and responsibilities.
On April 23, 1991 plaintiffs filed this appeal from the Department's ruling, naming the following defendants: the Department of Public Works, the Department of Revenue Services, American Totalisator, Co., Inc., and West Main Street Associates. Plaintiffs claim that the ruling has prejudiced substantial rights of the plaintiffs because it is (1) in violation of constitutional and statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) clearly erroneous in view of the reliable, probative an substantial evidence on the whole record; and (5) arbitrary, capricious or characterized by abuse of discretion and clearly unwarranted exercise of discretion in that the Department violated General Statutes 4b-1 et seq. CT Page 8167
Plaintiffs further claim on appeal that they are aggrieved parties by reason of (1) the Department's denial of their declaratory ruling petition; (2) the foreseeable deleterious effects that a neighboring gambling facility will have on their respective businesses; (3) because the transaction(s) involved will result, directly or indirectly, in an increase in their tax burdens; and (4) Stanley and American will suffer great or irreparable injury as a result of the Department's ruling as they will have been deprived of their rights under General Statutes 53-278e to maintain an abatement action against gambling premises without said premises having been subject to all necessary government reviews.
On May 17, 1991 the Department and the Division (the State) filed a motion to dismiss for lack of subject matter jurisdiction on the ground that plaintiffs are not "aggrieved as a matter of law." The State also filed a supporting memorandum of law and the affidavit of Robert A. Munroe, Off-Track Betting Unit Chief for the Division.
On June 3, 1991 defendant AmTot filed a memorandum of law adopting the State's motion to dismiss. On July 9, 1991 plaintiffs filed a memorandum of law in opposition to the motion to dismiss along with the following supporting documentation: a memorandum of law from another case; a copy of defendant West Main Street Associates' appeal to the ZBA for site plan approval; a letter from Frederick A. Hesketh to the plaintiffs' attorney discussing traffic concerns; and an on and off-site traffic study done by F. A. Hesketh 
Associates, Inc.
The motion to dismiss is the proper vehicle to assert lack of jurisdiction over the subject matter. Practice Book 143; Miller v. United Technologies, Inc., 40 Conn. Sup. 451,453, 515 A.2d 386 (1986). A challenge to the jurisdiction of a court requires that cognizance of the issue be taken before any further action. Baldwin Piano Organ Co. v. Blake,186 Conn. 295, 297, 441 A.2d 183 (1982).
Jurisdiction of courts over appeals from administrative agencies exists only under statutory authority. Royce v. FOIC,177 Conn. 584, 587, 418 A.2d 939 (1979). Administrative appeals may be taken only under statutory authority, and such appeals may be taken only by those strictly complying with the statutory provisions which create the right of appeal. Id.
"It is fundamental that, in order to have standing to bring an administrative appeal, a person must be aggrieved." CT Page 8168 Light Rigging Co. v. Department of Public Utility, 219 Conn. 168,172, ___ A.2d ___ (1991) (citations omitted). "In the absence of such aggrievement, the appeal must be dismissed for lack of subject matter jurisdiction." Connecticut Business Industries Assn., Inc. v. CHHC,214 Conn. 726, 729-30, 573 A.2d 736 (1990) (citation omitted).
The burden of proving aggrievement rests with the plaintiffs who have claimed it. Id.
 [T]he fundamental test for determining aggrievement encompasses a well settled twofold determination: first, `the party claiming aggrievement must successfully demonstrate a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that the specific personal and legal interest has been specially and injuriously affected by the decision. (Citations omitted). [A]ggrievement is established if "there is a possibility, as distinguished from a certainty, that some legally protected interest . . . has been adversely affected."
Light Rigging Co., supra, p. 173 (citations omitted). "Unless a party can establish aggrievement, that party has no standing to appeal. General Statutes 4-183(a)." Lewin v. United States Surgical Corporation, 21 Conn. App. 629, 631,575 A.2d 262 (1990) (citation omitted).
The defendants argue that the plaintiffs are not aggrieved in that plaintiffs have failed to "show a specific personal legal interest in the subject matter as distinguished from a general interest."
The plaintiffs contend that because of their proximity to the proposed OTB premises they meet the "traditional aggrievement" test. They further contend that their claims are distinguishable from those of the community at large in that they are directly exposed to the activities of the OTB facility because of their proximity to it.
While plaintiffs argue that they have a specific legal interest in the declaratory ruling of the Department because they have land next to the proposed OTB facility, the subject CT Page 8169 matter of the declaratory ruling is not the location of the OTB facility, but whether the jurisdiction of the Department extends to a lease for real property for use as an OTB facility and to the arrangements made for it by the Division. Therefore, the plaintiffs do not have standing to appeal the declaratory ruling. Plaintiffs have failed to allege that they have a specific, personal and legal interest in the subject matter of the declaratory ruling.
The plaintiffs cite to Red Hill Coalition, Inc. v. Conservation Commission, 212 Conn. 710, 714, 563 A.2d 1339
(1989) as authority for the proposition that because of their proximity to the OTB facility, they meet the traditional aggrievement test. The plaintiffs further assert that because of their proximity to the OTB facility their claims are distinguishable from those of the community at large. In Red Hill an abutting land owner was found by the trial court to be aggrieved by the Conservation Commission's granting or an application for an inland wetlands permit. The Supreme Court applied the two-prong classical aggrievement test and summarily found no error. Red Hill does not support plaintiffs' position that proximity alone establishes aggrievement.
The plaintiffs also allege that they are "aggrieved parties by reason of (1) the Department's denial of their declaratory ruling petition . . ." The mere denial of an application does not establish aggrievement. Beckish v. Manafort, 175 Conn. 415, 420, 407 A.2d 1005 (1978). "Mere status as a participant or a party at a hearing before a administrative agency does not, in and of itself, constitute proof of aggrievement for the purpose of appellate review." Lewin, supra, p. 631 (citation omitted). The plaintiffs are not aggrieved merely because they petitioned the Department for a declaratory ruling.
The plaintiffs maintain in the alternative that because they are taxpayers they have a personal interest in the subject matter of the Department's declaratory ruling. The plaintiffs assert that because the Department did not review the lease of 677 West Main Street, New Britain pursuant to General Statutes 4b-1(5), 4b-3(d), 4b-23(o) and4b-30, the state is obligated to reimburse AmTot for certain capital expenditures, in this case $50,000. The $50,000 represents capital expenditures incurred by the plaintiffs with the relocation of the OTB facility. The plaintiffs maintain that they have standing once a probable increase in a plaintiff's tax burden is shown. Plaintiffs assert that the Commissioner should have reviewed the lease, pursuant to General Statutes 4b-3(f), to determine whether additional CT Page 8170 costs would accrue to taxpayers, and that because the Department did not review the lease the plaintiffs maintain they are aggrieved. Plaintiffs cite General Statutes 4b-3(f) which gives the State Properties Review Board authority to "review real estate acquisitions proposed by the commissioner of public works . . . ." However, the plaintiff alleges that General Statutes 4b-3(f) requires the Department to be vigilant of increases in taxes. The statute states that "such review shall consider all aspects of the proposed actions, including feasibility . . . ." General Statutes4b-3(f).
The Department counters that the legislature enacted gaming statutes in order to provide a source of revenue for the state. The Department further states that it is dubious that the Commissioner's declaratory ruling will result, directly or indirectly, in an increased tax burden.
The plaintiffs cite American-Republican, Inc. v. Waterbury, 183 Conn. 523, 441 A.2d 23 (1981) to support the statement that taxpayers are aggrieved by a procedurally defective contract made by an agency. The court in American-Republican stated:
 "[N]o person is entitled to set the machinery of the courts in operation except to obtain redress for an injury he has suffered or to prevent an injury he may suffer, either in an individual or a representative capacity." (Citation omitted). Standing does not result automatically upon establishing that a party qualifies as a taxpayer. A plaintiff who relies upon such a status in bringing an action to question some alleged illegal activity on the part of municipal officials must also prove that the transaction involved will probably "result, directly or indirectly, in an increase in his taxes or would, in some other fashion, cause him irreparable injury." (Citation omitted). Once a probable increase in his tax burden from the challenged activity has been shown, a plaintiff has passed the threshold of standing even though the pecuniary effect upon him may be extremely small.
American-Republican, Inc., supra, p. 526 (citations omitted).
"A taxpayer, to have standing, must prove that he or she CT Page 8171 is directly affected by the contested act in a pecuniary manner." Bell v. Planning and Zoning Commission, 174 Conn. 493,498, 391 A.2d 154 (1978) (citation omitted).
The Department maintains that an OTB facility will provide a source of revenue for the State of Connecticut and not place a tax burden on the plaintiffs. (Department's Memorandum of Law in support of Motion to Dismiss, p. 6).
This appeal before the court is not procedurally defective because the Division acted pursuant to General Statutes 12-572 granting it authority to approve the lease as the plaintiff taxpayers maintain.
The plaintiffs have failed to prove that the transaction involved will probably result directly or in directly, in an increase in their taxes and that they would be caused irreparable injury. American-Republican does not support the plaintiffs' proposition that they have standing as taxpayers.
The plaintiffs allege in paragraph 35 that they are further aggrieved and will suffer great or irreparable injury as a result of the Department's ruling as they will have been deprived of their right under General Statutes 53-278e to maintain an abatement action against gambling premises without said premises being subject to all necessary government reviews. The defendants maintain that General Statutes 53-278e is not applicable to OTB facilities because OTB facilities are exempted by General Statutes53-278g.
In the debates regarding General Statutes 53-278e it is stated that state sanctioned betting is exempt. The following excerpts from the Senate and House Debates are relevant to this point.
On May 15, 1973, at the Senate Debate the following statements were made in reference to Public Act 73-455 5, now codified as General Statutes 53-278e: "All gambling premises or common nuisances are subject to abatement by injunction by definition in the statute. However, state sanctioned betting or promotional drawings for prizes where the public may participate without payment are exempted." 16 S. Proc. pt. 8, 1973 Session, p. 3524 (emphasis added).
At the House Debate the following remarks were made about General Statutes 53-278e:
REP. BINGHAM: CT Page 8172
 When notified in writing by law enforcement agencies that their services are being used to violate this act. All gambling premises are common nuisances and are subject to abatement by injunction. However, State sanctioned betting and promotional drawings for public prizes where the public may participate are exempted.
16 H.R. Proc., pt. 10, 1973 Sess., p. 5133.
The OTB facility is state sanctioned betting. Therefore, the OTB facility is not a common nuisance as defined in General Statutes 53-278e. The declaratory ruling does not deprive plaintiffs of any right under 53-278e. The plaintiffs are not aggrieved as alleged in paragraph 35 of their complaint.
We conclude that the plaintiffs are not aggrieved as taxpayers in that they will not be directly affected by the OTB facility lease because the purpose of the OTB facility is to raise revenue for the State of Connecticut. The General Statutes 4b-1(5), 4b-3(d), 4b-23(o) and 4b-30 that the plaintiffs refer to do not apply to the Department because the Department is governed by General Statutes 12-572. The plaintiffs are attempting to appeal the location of the OTB facility whereas the subject of the declaratory ruling is the Department's jurisdiction. The plaintiffs are not aggrieved as a matter of law and, therefore, the court does not have subject matter jurisdiction.
Accordingly, the defendants' motion to dismiss is granted.
M. HENNESSEY, J.