[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS AND OBJECTION THERETO (NOS. 104 AND 108)
This matter arises out of an action to recover wages in the form of a commission for services rendered and reimbursement for expenditures arising out of the employment relationship. Defendant has moved to dismiss the amended complaint claiming that plaintiff has failed to exhaust his administrative remedies.
FACTS
Plaintiff's amended complaint alleges in the first count that defendant, Corporate Display Specialties, Inc., owes plaintiff money for equipment purchased by the plaintiff in reliance upon promises of reimbursement by defendant's agent, servant and/or employees. The second count alleges that the defendant, pursuant to terms of plaintiff's employment, has neglected and/or refused to pay commissions due plaintiff. In the third count plaintiff alleges that defendant's refusal and/or neglect to pay commissions to the plaintiff is in violation of Connecticut law, General Statutes 31-71b and31-71c.
Prior to instituting the instant action, the plaintiff filed a claim for wages with the Department of Labor, State of Connecticut. The wage enforcement agent then sent a letter to defendant requesting defendant to pay plaintiff his wages and reimbursement for computer expenses. The defendant responded thereto admitting it owed plaintiff $35.35 in commissions and CT Page 4219 that the money for the computer is being paid by agreement with plaintiff with a payment schedule of $125.00 per month plus interest. Plaintiff thereafter withdrew his administrative complaint and brought this civil action. The defendant filed the instant motion to dismiss the complaint for lack of subject matter jurisdiction on the ground that plaintiff failed to exhaust all available administrative remedies.
 I
The motion to dismiss is the proper vehicle to assert lack of jurisdiction over the subject matter. Connecticut Practice Book 143; Miller v. United Technologies, Inc.,40 Conn. Sup. 451, 453, 515 A.2d 386 (1986). "Whenever the absence of jurisdiction is brought to the notice of the court or tribunal, cognizance of it must be taken and the matter passed upon before it can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction." Statewide Grievance Committee v. Rozbicki, 211 Conn. 232, 245,558 A.2d 986 (1989).
A court lacks subject matter jurisdiction when a plaintiff does not exhaust his administrative remedies before bringing suit in the superior court. Greater Bridgeport Transit District v. Local Union 1336, 211 Conn. 436, 559 A.2d 1113
(1989). "`The doctrine of exhaustion "furthers the salutary goals of relieving the courts of the burden of deciding questions entrusted to an agency . . . in advance of possible judicial review."'" Concerned Citizens of Sterling v. Sterling,204 Conn. 551, 557, 529 A.2d 666 (1987) (citations omitted).
 II
The defendant maintains that the plaintiff failed to exhaust his administrative remedies under Connecticut General Statutes 31-76a. The defendant maintains the State Labor Board was to act in the first instance. The defendant further contends that, by withdrawing his complaint from the State Labor Board and filing a civil complaint, the plaintiff did not extinguish the available administrative remedies.
The plaintiff counters that there is no statutory limitation on the right to bring a civil action in the Superior Court. Furthermore, the plaintiff contends that there is no remedy available to the plaintiff by the statutes cited by defendant and that the State Labor Board does not have the power to award the remedy plaintiff seeks. The court agrees.
Connecticut General Statutes 31-76a, on which the defendant relies, states: CT Page 4220
 On receipt of a complaint for nonpayment of wages, the labor commissioner, the director of minimum wage and wage enforcement agents of the labor department shall have power to enter, during usual business hours, the place of business or employment of any employer to determine compliance with the wage payment laws, and for such purpose may examine payroll and other records and interview employees, call hearings, administer oaths, take testimony under oath and take depositions in the manner provided by sections 52-0148a to 52-18e, inclusive.
 The commissioner or the director, for such purpose, may issue subpoenas for the attendance of witnesses and the production of books and records. Any employer, his officer or agent, or the officer or agent of any corporation, firm or partnership who wilfully fails to furnish time and wage records as required by law to the commissioner, the director of minimum wage or any wage enforcement agent upon request or who refuses to admit the commissioner, the director or such agent to his place of employment or who hinders or delays the commissioner, the director or such agent in the performance of his duties in the enforcement of this section shall be fined not less than twenty-five dollars nor more than one hundred dollars, and each day of such failure to furnish the time and wage records to the commissioner, the director or such agent shall constitute a separate offense, and each day of refusal to admit, of hindering or of delaying the commissioner, the director or such agent shall constitute a separate offense.
While the above mentioned section permits the labor commissioner to investigate complaints regarding nonpayment of wages, it does not afford the commissioner the power to compel payment. Furthermore, this statute does not preclude an independent civil action to recover such wages. Pursuant to this statute, there clearly is no remedy available to the plaintiff. Consequently the courts will not require a plaintiff to pursue a futile or nonexistent remedy. Greenwich v. Liquor Control Commission, 191 Conn. 528, 541-42 (1983); Dukes v. CT Page 4221 Durante, 192 Conn. 207 (1984).
Connecticut General Statutes 31-72 entitled "Civil action to collect wage claim, fringe benefit claim or arbitration award" clearly provides for an independent civil remedy:
 When any employer fails to pay an employee wages in accordance with the provisions of sections 31-71a to 31-71i, inclusive, or fails to compensate an employee in accordance with section 31-76k or where an employee or a labor organization representing an employee institutes an action to enforce an arbitration award which requires an employer to make an employee whole or to make payments to an employee welfare fund, such employee or labor organization may recover, in a civil action, twice the full amount of such wages, with costs and such reasonable attorney's fees as may be allowed by the court, and any agreement between him and his employer for payment of wages other than as specified in said sections shall be no defense to such action. The labor commissioner may collect the full amount of any such unpaid wages, payments due to an employee welfare fund or such arbitration award, as well as interest calculated in accordance with the provisions of section 31-265 from the date the wages or payment should have been received, had payment been made in a timely manner. In addition, the labor commissioner may bring any legal action necessary to recover twice the full amount of unpaid wages, payments due to an employee welfare fund or arbitration award, and the employer shall be required to pay the costs and such reasonable attorney's fees as may be allowed by the court. The commissioner shall distribute any wages, arbitration awards or payments due to an employee welfare fund collected pursuant to this section to the appropriate person. (Emphasis added.)
Consequently, under section 31-72 the plaintiff does have an independent right to bring a civil action. See Dimesky v. Thumlert, 4 CTLR 225 (June 10, 1991, Stengal, J.) (General Statutes 31-72 provides for a private civil action for an CT Page 4222 employer's failure to pay wages.)
For all of the foregoing reasons, the defendant's motion to dismiss the amended complaint should be and is hereby denied.
L. SCOTT MELVILLE, JUDGE