[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS NEGLIGENCE ACTION AGAINST FDIC FOR ALLEGED FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES UNDER TITLE 12 U.S.C. § 1821 (d)
On December 17, 1992 the plaintiff, Phyllis Candelmo, filed a two count complaint against defendant, Federal Deposit Insurance Corporation (hereinafter "FDIC") as Receiver for Citytrust. That complaint alleges that Citytrust, formerly a Connecticut banking corporation, owned the premises known as the Oxford Plaza, Route 67, Oxford, Connecticut on December 18, 1990. The plaintiff claims that in her capacity as tenant of the premises on December 18, 1990 she descended a stairway and was caused to fall, thereby sustaining numerous injuries. The plaintiff further alleges that on August 7, 1991 defendant FDIC was appointed receiver of all assets and liabilities of Citytrust after Citytrust was declared insolvent. In the first count of the complaint the plaintiff asserts negligence on the part of Citytrust. In the second count of the complaint the plaintiff reasserts negligence on the part of CT Page 7969 Citytrust but further alleges that she was "present on said premises as an invitee. . . ."
On April 19, 1993 the defendant filed a motion to dismiss, together with a memorandum of law in support thereof, "for lack of subject matter jurisdiction on the ground that the plaintiff has failed to exhaust her administrative remedies under 12 U.S.C. § 1821(d)."
On April 29, 1993 the plaintiff filed an objection to the defendant's motion to dismiss, together with a memorandum of law in support thereof.
A motion to dismiss shall be used to assert lack of jurisdiction over the subject matter. Miller v. United Technologies Corp., 40 Conn. Sup. 451, 453, 515 A.2d 386 (1986, Jacobsen, J.). "`Whenever the absence of jurisdiction is brought to the notice of the court or tribunal, cognizance of it must be taken and the matter passed upon before it can "can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction." (Citations omitted.)'" Baldwin Piano Organ Co. v. Blake, 186 Conn. 295, 297-98, 441 A.2d 183 (1982), quoting Woodmont Assn. v. Milford, 85 Conn. 517, 524, 84 A. 307
(1912). "[W]henever it is found. . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Practice Book 145.
In its memorandum of law, the defendant argues that since the plaintiff failed to present her claims through the statutorily created administrative claims through the statutorily created administrative claims process set forth in 12 U.S.C. § 1821*c)(3), (5) and (6) prior to filing claim in this court, this action should be dismissed for lack of subject matter jurisdiction.
In her objection to the defendant's motion to dismiss the defendant claims that although the statutory scheme as set forth in12 U.S.C. § 1821 (d) does impose a 180 day stay on the plaintiff's pursuit of her claim, it does not require the dismissal of this suit. The plaintiff therefore argues that the defendant's motion dismiss should be denied.
12 U.S.C. § 1821(d)(13)(D) states the following:
 [N]o court shall have jurisdiction over — (i) any claim or action for payment from, or any CT Page 7970 action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation has been appointed receiver. . . or (ii) any claim relating to any act or omission of such institution. . . .
The defendant cites federal cases which are particularly illuminating. The first case is Praxis Properties v. Colonial Savings Bank, 947 F.2d 49 (3rd Cir. 1991). In Praxis Properties, supra, the defendant bank loaned $1.8 million to the plaintiffs. As partial security for the loan plaintiff Praxis gave defendant bank a mortgage on property it owned in New Jersey. Defendant bank subsequently failed, and defendant Resolution Trust Corporation was then appointed as receiver of the failed bank. Shortly after the appointment plaintiff Praxis demanded the release of the mortgage note encumbering its property. When the defendant receiver refused to release the mortgage note the plaintiffs brought suit in state court. The defendant receiver then removed the action to federal court and required a stay for 90 days. The court granted the defendant's request for a stay but limited it to 45 days. The defendant receiver then appealed. Although the holding in that case is not pertinent to the facts of the present case the court opined that:
 [W]e have held that if RTC has already been appointed receiver of the depository institution, a claimant must first comply with [the Federal Institution Reform, Recovery and Enforcement Act's] statutory procedures as a prerequisite to federal jurisdiction, no matter when the claim arose. (Citations omitted.) In other words, a claimant against a failed thrift must exhaust FIRREA's administrative remedies before commencing a judicial action.
Id., 63. The court further opined that "Congress's overriding purpose for requiring exhaustion of administrative procedures was to enable RTC `to dispose of the bulk of claims against failed financial institutions expeditiously and fairly.'" Id., 64, quoting H.R. Rep. No. 101-541(I), 101st Cong. 1st Sess. 1 at 419, 1989 USCCAN 86, 215
Bank of New England v. Callahan, 758 F. Sup. 61 (D.N.H. 1991) CT Page 7971 is a civil action by the bank against two defendants for injunctive relief for the defendants' alleged default on two promissory notes. The action was originally filed in a New Hampshire Superior Court. Subsequently, the plaintiff became insolvent and the FDIC was appointed receiver of the plaintiff bank. The FDIC then removed this action to federal court pursuant to 12 U.S.C. § 1819(b)(2)(A), (B). Id., 62. The court in Callahan held that "in light of the facts of this case, requiring completion of the administrative process contained in 1812(d) is appropriate." Id., 64. The court also stated that "[i]t is beyond question that a suit filed against the receiver after its appointment is subject to the administrative mandates of section 1821(d). . . ." (Emphasis added.) Id.
In Marc Development Inc. v. FDIC, 771 F. Sup. 1163 (D. Utah 1991), the plaintiffs brought suit against a defendant bank in state court to enforce certain loan agreements and to obtain clear title to the property securing those loans. Subsequent to the commencement of suit FDIC became receiver for the bank. FDIC then removed the case to federal court and then sought to stay the proceedings because, it argued, the court was without subject matter jurisdiction during the period of the stay. In that case the court held (1) that under 12 U.S.C. § 1821(d)(13)(D) "the claimant must file an administrative claim first[,] [and] [u]pon completion of the administrative decision process, the claimant has the right to start all over again in the district court unhindered disallowance of the administrative claim;" and (2) that under12 U.S.C. § 1821(d)(5)(F)(ii) "[a] claimant with a lawsuit filed prior to the receivership is entitled to pursue that cause in court simultaneously with the administrative claims process." Id., 1167-68.
In Decrosta v. Red Carpet Inns International, 767 F. Sup. 694
(E.D. Penn. 1991) the plaintiff brought suit against the defendants, an inn franchisor and the receiver of a savings association which operated the inn as a franchise, for injuries she sustained in a slip and fall in the bathtub at the inn. The receiver moved to dismiss the action for want of subject matter jurisdiction, arguing that the plaintiff's failure to exhaust administrative remedies precluded the assertion of her claim against the receiver in court. The court opined that "[c]ourts which have considered the issue have held that these provisions, supported by the legislative history of FIRREA, require exhaustion of administrative procedures, at least to the extent of initial presentation of claims to RTC, prior to the assertion of a claim against RTC in court." (Emphasis added.) Id., 696. The court also concluded that the "plaintiff's negligence claim against [the CT Page 7972 receiver] must be dismissed for lack of jurisdiction, based upon [the plaintiff's] failure to exhaust administrative remedies prior to filing her claim against [the receiver] in this Court." Id., 697.
The plaintiff submits that "this court has subject matter jurisdiction over this action pursuant to12 U.S.C. § 1819(b)(2)(D)." That statute states the following:
 [A]ny action — — (i) to which the Corporation, in the Corporation's capacity as receiver. . . is a party other than as a plaintiff; (ii) which involves only the preclosing rights against the State insured depository institution, or obligations owing to, depositors, creditors, or stockholders by the State insured depository institution; and (iii) in which only the interpretation of the law of such State is necessary, shall not be deemed to arise under the laws of the United States insured depository institution; and (iii) in which only the interpretation of the law of such State is necessary, shall not be deemed to arise under the laws of the United States.
While the receiver in the present case is a party other than the plaintiff, the complaint does not allege that the instant action involves only (1) the preclosing rights against the State insured depository institution, or (2) obligations owing to depositors, creditors, or stockholders. Rather, the plaintiff in the present case alleges negligence. Plaintiff's reliance on12 U.S.C. § 1819(b)(2)(D) is misplaced.
Notwithstanding the foregoing, the plaintiff claims in her Memorandum in Opposition to defendant's Motion to Dismiss that she filed her Proof of Claim on November 13, 1992, with the FDIC, as required by 12 U.S.C. § 1821. Such a filing predated the instant action which was commenced on November 30, 1992 — the date on which the writ, summons and complaint were served upon the defendant. Although the defendant's Motion to Stay filed on March 17, 1993 has not been heard at short calendar, the court cannot ignore the defendant's request, set out in said motion ". . . that all proceedings in this action be stayed until the earlier of 1) 180 days from the date of filing of plaintiff's claims with FDIC; or 2) disallowance by the FDIC of the claims of Phyllis Candelmo." Nor CT Page 7973 can the court ignore the defendant's citation to authorities in its memorandum accompanying its Motion for Stay. The defendant contends further that 12 U.S.C. § 1821 and 1823 mandate exhaustion of the administrative claims process as a condition precedent to the court's subject matter jurisdiction.
Since the plaintiff has filed its Proof of Claim with the FDIC, this court denies the defendant's Motion to Dismiss. However, action by the plaintiff in this matter must conform to the requirements of 12 U.S.C. § 1821(d)(6)(A). Furthermore, any further action by this court in this case appears to be circumscribed by said statutory provision.
Clarance J. Jones, Judge