[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant, Dr. Bernard Joseph Meehan, M.D., moves for summary judgment, claiming that the action initiated by the plaintiff Executrix is barred by the applicable statute of limitations.
He claims, in his amended motion dated February 12, that § 52-584 of the Connecticut General Statutes is the relevant provision. CT Page 3942
The plaintiff's decedent died on August 7, 1994.
Suit was brought against the defendant, Dr. Meehan, on July 19, 1996, returnable August 5, 1996.
The defendant's uncontradicted affidavit states that the only professional services ever provided by Dr. Meehan to the plaintiff's decedent concerned his reading and interpretation of X-rays on June 16, 1992, at the request of a Dr. Casazza.
The plaintiff claims that the applicable statute of limitations is § 52-555 of the Connecticut General Statutes. The reliance is misplaced.
A cause of action authorized by § 52-555, also known as Connecticut's wrongful death statute, does not create a new cause of action. It is a continuation of that which the decedent could have asserted had he lived. Sanderson v. Steve SnyderEnterprises, Inc., 196 Conn. 134, 149 (1985); Cofrancesco v.Smith, 29 Conn. Sup. 139, 143 (1971).
The administrator stands in the shoes of the decedent. If the decedent had no cause of action, and could not recover, his representative cannot assert a right at his death, for which the decedent could not recover had he lived. Nolan v. Morelli,154 Conn. 432, 436 (1967).
Section 52-584 of the General Statutes applies to actions claiming malpractice of a physician and requires an action:
 [S]hall be brought but within two years when the injury is first sustained or discovered . . . except that no such action may be brought more than three years from the date of the act or omission complained of. . . .
Because no action was initiated against Dr. Meehan within three years of June 16, 1992, the motion for summary judgment must be GRANTED.
Radcliffe, J.