[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS AND MOTION TO STRIKE
The plaintiffs, Antonella Walker and Michael Walker (hereinafter "the plaintiff") have brought an amended six-count complaint against the defendant, Henry Gellert, alleging various causes of action stemming from a motor vehicle accident allegedly caused by Gellert. The defendant has now filed a motion to dismiss the third and fourth counts of the amended complaint as CT Page 16365 well as a motion to strike the second and fifth count of the complaint.
The court will discuss each motion in turn.
Motion to Dismiss
The third and fourth counts of the complaint state a wrongful death cause of action for the death of Antonella Walker's twin unborn children allegedly resulting from the accident with the defendant. The defendant moves to dismiss these counts of the complaint on the ground that the court does not have subject matter jurisdiction over these counts. Specifically, the defendant argues that the named plaintiff does not have standing to maintain a wrongful death cause of action as the personal representative of the decedents. In this respect, the defendant points out that the writ and summons names Antonella Walker as the next friend of the unborn children rather than their administratrix as required by § 52-555.
The plaintiff objects to the motion to dismiss and argues that the defendant's motion to dismiss is moot. Specifically, the plaintiff argues that the court, Arnold, J., previously granted a motion to substitute Antonella Walker, Administratrix, for Antonella Walker, next friend of the unborn children.
General Statutes 52-555 creates a cause of action that may be maintained only by an executor or administrator of an estate.Isaac v. Mount Sinai Hospital, 3 Conn. App. 598, 600,490 A.2d 1024 (1985). As such, the statute does not confer on anyone else, including the parents of a decedent, any right to bring such an action individually. Id. Antonella Walker's attempt to bring a wrongful death suit as next friend is, therefore, improper.
The question before the court, however, is whether the plaintiff could have substituted the party plaintiff even though the defendant's motion to dismiss was pending before the court.
Generally, a motion that raises the jurisdiction of the court must be dealt with prior to other motions seeking to amend the complaint or substitute parties. Figueroa v. C. S. BallBearing, 237 Conn. 1, 4, 675 A.2d 845 (1996). However, where substitution is necessary for the determination of the real matter in dispute, the issues of substitution may be addressed under the catchall that the courts should liberally interpret the CT Page 16366 rules of practice "in any case where it shall be manifest that a strict adherence to them would work injustice." (Citations omitted.) ITT Semiconductors v. Matheson Gas, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 029553 (Oct. 2, 1991, Maiocco, J.). A prior ruling on the motion to substitute or amend is especially appropriate in instances where the defect is technical in nature. Giligan v. AtlanticCoast Cable, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 323793 (February 5, 1998, Maiocco, J.); see also Pack v. Burns, 212 Conn. 381, 384, 562 A.2d 24 (1989) ("[t]he effect given to such a misdescription usually depends upon the question whether it is interpreted as merely a misnomer or defect in description, or whether it is deemed a substitution or entire change of party; in the former case an amendment will be allowed, in the latter it will not be allowed").
Where the named party plaintiff is the estate of the decedent, any such complaint is a nullity because it fails to name a legally recognized entity as a plaintiff. Isaac v. MountSinai Hospital, supra, 3 Conn. App. 601. As such, there can be no substitution for a plaintiff that is not recognized under the law. Id. See also Estate of Simmons v. Lee, Superior Court, judicial district of Windham at Putnam, Docket No. 060312 (May 10, 1999, Shortall, J.). In the present case, the named plaintiff, as next friend of the unborn twins, is not a legal nullity in the same sense as is an estate. While an estate cannot be a plaintiff, a parent, as the next friend of the infant child, can initiate a lawsuit.[1] Thus, the reasoning in Isaac as to why substitution was not an available option in that case is not controlling of the situation before the court. Nevertheless, other courts have held that the attempted substitution of an administrator for an individual bringing a wrongful death claim is a nullity because it creates a new cause of action that cannot relate back to the original action because that original action is improper and a nullity. Cofrancesco v. Smith,29 Conn. Sup. 139, 143, 275 A.2d 608 (1971).
The original action in this case is not a nullity in the sense that it is void of significance. Rather, as stated by the Supreme Court, even an action that appears to be a nullity "has at least some of the consequences of an action begun in a court of competent jurisdiction." Isaac v. Mount Sinai Hospital,210 Conn. 721, 731, 557 A.2d 116 (1989) (Isaac II). As such, the court in Isaac II held that an action dismissed for failure to bring a timely wrongful death suit by an administrator would, CT Page 16367 nonetheless, be saved by the accidental failure of suit statute, § 52-592, which would relate back to the original action even though that action was a nullity in much the same way as contemplated by the defendant in the present case.
As stated, the court, Arnold, J., has previously granted the motion to substitute[2] the administratrix as party plaintiff. Though a judge should hesitate to change his own rulings in a case and should be even more reluctant to overrule those of another judge the necessity to do so may arise in matters that implicate the subject matter jurisdiction of the court. SeeWestbrook v. Savin Rock Condo. Assoc., 50 Conn. App. 236, 239-42,717 A.2d 789 (1998). Nonetheless, the court should note that because of the Supreme Court's holding in Isaac II, the granting of the defendant's motion to dismiss the third and fourth counts of the complaint would be a hollow victory necessitating additional costs for all parties and a further delay in bringing the case to a conclusion. Denying the motion to dismiss as moot would help avoid such results. The defendant would be prejudiced only if there were no accidental failure of suit statute which would ultimately save the plaintiff's wrongful death causes of action. The defendant's motion to dismiss is denied in the interests of justice and the dictates of judicial economy. SeeEngleman v. Zink, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 042735 (June 2, 1998, Curran, J.).
Motion to Strike
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Faulkner v.United Technologies Corp. , 240 Conn. 576, 580, 693 A.2d 293
(1997).
The defendant argues that the second count fails to state a claim for recklessness because it does not allege facts beyond those alleged in count one to support a negligence claim. The plaintiff responds that count two is legally sufficient because it alleges statutory recklessness pursuant to General Statutes § CT Page 1636814-295.
General Statutes § 14-295 provides: "In any civil action to recover damages resulting from personal injury, wrongful death or damage to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section 14-218a, 14-219,14-222, 14-227a, 14-230, 14-234, 14-237,
14-239 or 14-240a, and that such violation was a substantial factor in causing such injury, death or damage to property.
A split of authority exists in the Superior Court regarding the pleading requirements of § 14-295. Alton v. Davey, Supreme Court, judicial district of Fairfield at Bridgeport, Docket No. 346089 (February 2, 1998, Skolnick, J.). Some courts have held that a plaintiff must not only plead a statutory violation as set forth in § 14-295, but must also plead facts that would support a claim of recklessness at common law. Bravo v. Watson, Superior Court, judicial district of Waterbury, Docket No. 129692 (March 13, 1996, McDonald, J.); Murray v. Krupa, Superior Court, judicial district of New London at Norwich, Docket No. 107233 (October 2, 1995, Teller, J.); Pitka v. Ullrich, Superior Court, judicial district of New London, Docket No. 530000 (November 16, 1994, Austin, J.). Other courts have held that the plaintiff is only required to allege that the defendant deliberately or with reckless disregard violated one of the statutory provisions outlined in General Statutes § 14-295 and that such violation was a substantial factor in causing the plaintiff's injuries. Altonv. Davey, supra, Supreme Court, Docket No. 346089 (February 2, 1998, Skolnick, J.); Nowitz v. JBH Transport Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 335166 (January 27, 1997, Melville, J.); Spencer v. King, Superior Court, judicial district of Middlesex at Middletown, Docket No. 069530 (September 16, 1993, Higgins, J.) ("[Section14-295] does not require the same specificity of pleading which is required to support a cause of action predicated on [common law]").
A plain reading of § 14-295 supports the latter line of cases and that a plaintiff need not allege additional facts to support a cause of action based on recklessness. In the present case, the CT Page 16369 plaintiff has alleged that the defendant acted recklessly in violating Connecticut General Statutes §§ 14-218a, 14-219,14-240, 14-243, and 14-239 and that the defendant's recklessness caused the plaintiff's injuries. The plaintiff has sufficiently alleged recklessness under § 14-295. The defendant's motion to strike the second count is denied.
The defendant also moves to strike the fifth count of the complaint on the ground that the plaintiff has failed to allege the necessary elements for a cause of action in emotional bystander distress and that the plaintiff, as a matter of law, is not a bystander and cannot recover for bystander emotional distress. The plaintiff objects to this motion to strike and argues that she has sufficiently alleged a claim for bystander emotional distress.
The Supreme Court has recognized a cause of action for bystander emotional distress in limited circumstances. Clohessyv. Bachelor, 237 Conn. 31, 46, 675 A.2d 852 (1996). In that case, the court held that a plaintiff may recover for bystander emotional distress if the plaintiff-bystander satisfies the following condition: "(1) he or she is closely related to the injury victim . . .; (2) the emotional injury of the bystander is caused by the contemporaneous sensory perception of the event or conduct that causes the injury, or by arriving on the scene soon thereafter and before substantial change has occurred in the victim's condition or location; (3) the injury of the victim must be substantial, resulting in his or her death or serious physical injury, and (4) the bystander's emotional injury must be serious . . ." Id., 56.
Reviewing the plaintiff's allegations, construed in a manner most favorable to the plaintiff, indicates that the plaintiff has sufficiently alleged the four criteria set forth in Clohessy. The plaintiff is closely related to the injured victim — in this case, as mother to the injured unborn twins. Likewise, the plaintiff, though herself involved in the accident, was a bystander and witness to the accident. See Castrovillari v. Bourse, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 129351 (March 3, 1994, Lewis, J.) (motion to strike denied where plaintiff mother alleged that she witnessed injury to son during an accident in which the mother was driving and the son was a passenger). The plaintiff has alleged that the accident caused severe injury to and, ultimately, the death of the unborn twins and that she has sustained serious emotional distress as a CT Page 16370 result of witnessing the injury. Whether the plaintiff will actually be able to show that she had a contemporaneous perception of the injury to the unborn twins is an improper question for purposes of this motion. See Stoughton v. Sabolick, Superior Court, judicial district of Litchfield, Docket No. 05778 (October 9, 1992, McDonald, J.) (summary judgment inappropriate where "the moment of injury, death and the mechanics of the collision . . . are a matter of inference as is the state of [the plaintiff's] mind as she observed the event"). The plaintiff has met the rudimentary elements of Clohessy and has stated a cause of action for bystander emotional distress.
The defendant also argues that, as a matter of law, the plaintiff cannot be a bystander. In this regard, the defendant relies on the Supreme Court's decision in Maloney v. Conroy,208 Conn. 392, 545 A.2d 1059 (1988) and its progeny. In Maloney, the Supreme Court held that a cause of action for bystander emotional distress does not exist in a medical malpractice context. Id. 402-04. Superior Court decisions have used Maloney in denying claims in instances where the mother alleges she suffered bystander emotional distress when the infant somehow suffers an injury during childbirth. See, e.g., Golymbieski v. Equia, Superior Court, judicial district of Waterbury at Waterbury, Docket No. 125140 (May 22, 1997, Fasano, J.) ("to suggest that a mother engaging in the process of labor and delivery is a bystander to the event, or to try to sever out concerns for her well-being defies logic, and reason. A mother's concerns during delivery for her own welfare and that of her child are so interwoven as to be legally inseparable"). The defendant argues that the logic implicit in these cases applies to the situation at hand, and that the plaintiff cannot pursue a bystander emotional distress claim as any alleged injury to the unborn twins is inseparable from the plaintiff's own injury.
This Court holds that the defendant's argument is inapplicable to the case at hand. For one, Maloney is factually inapposite to the present case in that it involved medical malpractice. The present situation involves an auto accident allegedly caused by the defendant's negligence. Moreover, several superior courts have questioned the validity of Maloney in light of the Supreme Court's pronouncements in Clohessy. See Pollard v.Norwalk Hospital, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 355354 (February 18, 1999, Skolnick, J.). CT Page 16371
The plaintiff has alleged the basic elements of emotional bystander distress. Whether the plaintiff will be able to prove that she suffered bystander emotional distress from the death of the unborn twins is a question best reserved for the trier of fact. Therefore, the defendant's motion to strike the fifth count is denied.
GROGINS, J.